**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**ADELLA L. LOGAN**,
Plaintiff,

v.

**CITIZENS BANK, N.A.;**
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS);**
**TRUSTEE CORPS; and DOES 1–10,**

Defendants.

Case No.: _____

DEMAND FOR TRIAL BY JURY



2:26-cv-00887-APG-MDC

## VERIFIED COMPLAINT FOR:

(1) Violations of RESPA (12 U.S.C. § 2605)
(2) Violations of FHA Servicing Regulations (24 C.F.R. § 203.604)
(3) Wrongful Foreclosure
(4) Declaratory and Injunctive Relief

## EXHIBIT LIST

- **Exhibit A** – Qualified Written Request dated February 21, 2026
- **Exhibit B** – Defendants' QWR Acknowledgment dated March 3, 2026
- **Exhibit C** – Mortgage Statement reflecting disputed amounts
- **Exhibit D** – Notice of Trustee's Sale
- **Exhibit E** – Property inspection / door notice
- **Exhibit F** – Recorded deed and/or trust documents

## I. INTRODUCTION

Plaintiff brings this action to halt an imminent and unlawful foreclosure of her primary residence located in North Las Vegas, Nevada, a home of profound personal and familial significance. This action arises from Defendants' systematic failure to comply with federally mandated mortgage servicing obligations, including but not limited to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, and binding Federal Housing Administration ("FHA") servicing regulations codified at 24 C.F.R. § 203.604.

Despite Plaintiff's good faith efforts to obtain information and resolve the alleged default, including the submission of a Qualified Written Request ("QWR"), Defendants have failed to conduct a reasonable investigation or provide the statutorily required responses. Such failures are not mere technical violations; they strike at the core of the borrower protections Congress enacted to ensure transparency, accountability, and loss mitigation opportunities prior to foreclosure.

Further, Defendants have proceeded toward foreclosure without complying with mandatory FHA loss mitigation requirements, including the obligation to conduct, or make a reasonable effort to conduct, a face-to-face meeting with the borrower prior to initiating foreclosure. Courts have consistently held that these regulations are conditions precedent to foreclosure and must be strictly enforced. See *Wells Fargo Bank, N.A. v. Neal*, 922 A.2d 538 (Md. 2007); *United States v. Winthrop Towers*, 628 F.2d 1028 (7th Cir. 1980).

Defendants' actions also violate well-established Nevada law prohibiting foreclosure where statutory and contractual prerequisites have not been satisfied. See *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610 (Nev. 1983) (foreclosure must strictly comply with statutory requirements); *Leyva v. Nat'l Default Servicing Corp.*, 255 P.3d 1275 (Nev. 2011) (courts may halt foreclosure where defects or competing claims exist).

Without immediate intervention by this Court, Plaintiff will suffer irreparable harm, including the permanent loss of her home, displacement, and the destruction of a unique property interest for which monetary damages are inadequate as a matter of law. See *Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150 (9th Cir. 2011) (loss of one's home constitutes irreparable harm).

Plaintiff therefore seeks emergency injunctive relief to preserve the status quo, prevent an unlawful foreclosure sale, and ensure that Defendants are held to the federal and state laws governing mortgage servicing and foreclosure practices.

Plaintiff attaches documentary evidence supporting these allegations, including correspondence, account statements, and foreclosure notices.

Defendants' conduct has deprived Plaintiff of federally mandated protections designed to prevent avoidable foreclosure and ensure fair servicing practices.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law, including the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, and its implementing regulations, Regulation X, 12 C.F.R. § 1024 et seq.

This Court also has jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's related state law claims, including wrongful foreclosure and requests for declaratory and injunctive relief, as those

claims arise from the same nucleus of operative facts as Plaintiff's federal claims. See *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

In addition, this Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and injunctive relief pursuant to its inherent equitable powers and Federal Rule of Civil Procedure 65.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the real property that is the subject of this action is situated in North Las Vegas, Nevada.

Defendants are subject to personal jurisdiction in this District because they transact business in Nevada, service mortgage loans secured by property located within this District, and have purposefully directed their conduct toward this forum, including the initiation of foreclosure proceedings against Plaintiff's property.

## III. PARTIES

**Plaintiff, ADELLA L. LOGAN**, is a natural person and resident of North Las Vegas, Nevada. Plaintiff is the owner and occupant of the real property that is the subject of this action (the "Property"). The Property serves as Plaintiff's primary residence, and she resides there full-time.

Upon information and belief, **Defendant CITIZENS BANK, N.A.** is a national banking association engaged in the business of originating, servicing, and/or holding residential mortgage loans, including the loan at issue in this case. At all relevant times, Citizens Bank, N.A. acted either directly or through its agents as a creditor, servicer, or entity claiming a beneficial interest in the loan secured by the Property.

Upon information and belief, **Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS")** is a Delaware corporation that purports to act as nominee for lenders and their successors and assigns, and is frequently listed as the beneficiary of deeds of trust for recording purposes. MERS claims an interest in the Property by virtue of its role in the chain of title and/or assignment of the deed of trust.

Upon information and belief, **Defendant TRUSTEE CORPS** is a foreclosure trustee and/or substituted trustee that has acted, or is acting, as the entity initiating or conducting non-judicial foreclosure proceedings against the Property. Trustee Corps claims authority to proceed with foreclosure based on alleged assignments and instructions from other Defendants.

Plaintiff is informed and believes, and thereon alleges, that each of the Defendants acted as the agent, servant, employee, partner, joint venturer, alter ego, or co-conspirator of the remaining Defendants, and in doing the acts alleged herein, acted within the course and scope of such relationship and with the knowledge, consent, and ratification of each of the other Defendants.

Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will

amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes that each DOE Defendant is responsible in some manner for the occurrences herein alleged and for the damages suffered by Plaintiff.

## IV. FACTUAL ALLEGATIONS

1. Plaintiff, ADELLA L. LOGAN, resides at 5009 Paradise Harbor Place, North Las Vegas, Nevada (the "Property"), which serves as her primary residence. Plaintiff occupies the Property full-time and has no alternative housing.
2. The Property is held in a duly recorded trust, and Plaintiff is the lawful beneficiary and occupant thereof.
3. The mortgage loan associated with the Property is federally insured by the Federal Housing Administration ("FHA") and is therefore subject to mandatory servicing regulations codified at 24 C.F.R. § 203.500 et seq.

    3A. A true and correct copy of the recorded deed and/or trust documentation evidencing Plaintiff's interest in the Property is attached hereto as **Exhibit F**.

4. On or about February 21, 2026, Plaintiff submitted a Qualified Written Request ("QWR") (attached hereto as **Exhibit A**) to Defendants pursuant to 12 U.S.C. § 2605(e), disputing the loan account and requesting specific information relating to the servicing of the loan.
5. The QWR identified errors and requested, among other things, a complete payment history, documentation supporting all charges and corporate advances, copies of the promissory note and any assignments, and a full accounting of the loan.
6. Defendants acknowledged receipt of Plaintiff's QWR by correspondence dated March 3, 2026 (attached hereto as **Exhibit B**) thereby triggering their statutory duty to conduct a reasonable investigation and provide a substantive written response within the time required by law.
7. Despite this acknowledgment, Defendants failed to comply with the requirements of 12 U.S.C. § 2605(e) and Regulation X, including 12 C.F.R. §§ 1024.35 and 1024.36, by failing to conduct a reasonable investigation and failing to provide a complete and substantive response.
8. Specifically, Defendants failed to produce:
    o A complete and verified payment history;
    o Documentation supporting alleged corporate advances;
    o Copies of the promissory note and all endorsements or assignments;
    o A full, accurate, and itemized accounting of the loan balance.
9. Plaintiff received a mortgage statement (attached hereto as **Exhibit C**) reflecting disputed and unverified amounts, including:
    o A past due amount of approximately $36,706.37;
    o Corporate advances of approximately $3,927.41;
    o An accelerated loan balance of approximately $336,903.90.
10. Defendants have failed and refused to provide documentation substantiating these amounts despite Plaintiff's formal written request and their statutory obligation to do so.

11. Upon information and belief, the amounts asserted by Defendants include improper, inflated, or unsupported charges, the validity of which cannot be verified due to Defendants' failure to provide required documentation.

12. Notwithstanding the pending and unresolved QWR, Defendants initiated and continue to prosecute non-judicial foreclosure proceedings against the Property in violation of federal servicing laws designed to protect borrowers from precisely this type of conduct.

13. A Notice of Trustee's Sale has been posted and/or recorded (attached hereto as **Exhibit D**), scheduling a foreclosure sale for May 2026 thereby placing Plaintiff at imminent risk of losing her home.

14. At no time prior to initiating foreclosure did Defendants conduct, or make a reasonable effort to conduct, a face-to-face meeting with Plaintiff, as expressly required for FHA-insured loans under 24 C.F.R. § 203.604(b).

15. Any alleged "inspection," drive-by visit, or indirect contact, including notices left at the Property (see **Exhibit E**, if applicable), does not satisfy the mandatory face-to-face meeting requirement imposed by federal law. See *Wells Fargo Bank, N.A. v. Neal*, 922 A.2d 538 (Md. 2007) (holding that compliance with FHA servicing regulations is a condition precedent to foreclosure).

16. Defendants' failure to comply with FHA servicing regulations renders the initiation and continuation of foreclosure proceedings improper and unlawful.

17. Defendants' conduct—failing to respond to a QWR, failing to provide required documentation, and proceeding with foreclosure without satisfying mandatory FHA loss mitigation requirements—demonstrates a pattern of noncompliance with federal law.

18. As a direct and proximate result of Defendants' actions, Plaintiff faces imminent and irreparable harm, including the loss of her primary residence, damage to her credit, emotional distress, and displacement.

19. The harm Plaintiff faces cannot be adequately remedied by monetary damages alone, as the loss of one's home constitutes a unique and irreparable injury.

20. Defendants' failure to properly investigate and respond to Plaintiff's QWR, combined with their continuation of foreclosure activity despite unresolved disputes, reflects a pattern or practice of noncompliance with federal servicing laws.

21. The scheduled foreclosure sale places Plaintiff at immediate risk of losing her home within weeks, leaving insufficient time to resolve disputes through normal channels and necessitating emergency judicial intervention.

22. Defendants' actions have deprived Plaintiff of a meaningful opportunity to pursue loss mitigation alternatives.

## V. CONDITIONS PRECEDENT

All conditions precedent to Defendants' ability to lawfully accelerate the loan and initiate foreclosure, including compliance with federal servicing requirements under RESPA and mandatory FHA regulations, have not been satisfied.

Defendants have failed to comply with conditions precedent, including but not limited to:

- Conducting a face-to-face meeting as required under 24 C.F.R. § 203.604;
- Properly responding to Plaintiff's Qualified Written Request under 12 U.S.C. § 2605;

- Providing a complete and accurate accounting of the loan.

Accordingly, any attempted acceleration of the loan and subsequent foreclosure proceedings are improper, invalid, and unenforceable.

## VI. CLAIMS FOR RELIEF

## COUNT I – VIOLATION OF RESPA

(12 U.S.C. § 2605(e) and Regulation X)

Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

Defendants, as loan servicers and/or entities responsible for servicing the loan, were obligated under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), and its implementing regulations, including 12 C.F.R. §§ 1024.35 and 1024.36, to conduct a reasonable investigation and provide a timely and substantive response to Plaintiff's Qualified Written Request ("QWR").

Plaintiff submitted a valid QWR that identified specific errors and requested detailed information relating to the servicing of the loan. Defendants acknowledged receipt of the QWR, thereby triggering their statutory duties.

Defendants failed to comply with RESPA by:

- Failing to conduct a reasonable investigation into Plaintiff's asserted errors;
- Failing to provide a complete and substantive written response;
- Failing to provide requested documentation, including payment history, loan ownership information, and supporting documentation for charges and advances.

Such failures constitute violations of 12 U.S.C. § 2605(e) and Regulation X.

As a direct and proximate result of Defendants' violations, Plaintiff has suffered actual damages, including but not limited to financial harm, increased loan balances due to unverified charges, emotional distress, and costs incurred in attempting to obtain information and prevent foreclosure.

Defendants' conduct further demonstrates a pattern or practice of noncompliance with RESPA, entitling Plaintiff to statutory damages pursuant to 12 U.S.C. § 2605(f).

See *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661 (9th Cir. 2012); see also *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241 (11th Cir. 2016) (servicer must respond with adequate investigation and information).

Plaintiff's QWR and Defendants' deficient response are attached as Exhibits A and B, respectively.

## COUNT II – VIOLATION OF FHA SERVICING REGULATIONS

(24 C.F.R. § 203.604 et seq.)

Plaintiff realleges and incorporates all preceding paragraphs.

The loan at issue is federally insured by the Federal Housing Administration ("FHA") and is therefore subject to mandatory servicing regulations promulgated by the U.S. Department of Housing and Urban Development ("HUD"), including 24 C.F.R. § 203.604.

Under these regulations, Defendants were required to conduct, or make a reasonable effort to conduct, a face-to-face meeting with Plaintiff prior to initiating foreclosure proceedings.

Defendants failed to comply with this mandatory requirement and instead proceeded with foreclosure without satisfying this condition precedent.

Courts have consistently held that compliance with HUD servicing regulations is a condition precedent to foreclosure on FHA-insured loans and that failure to comply renders the foreclosure improper.

See *Wells Fargo Bank, N.A. v. Neal*, 922 A.2d 538 (Md. 2007); *Pfeifer v. Countrywide Home Loans, Inc.*, 211 Cal. App. 4th 1250 (2012).

Defendants' failure to comply with these mandatory regulations invalidates the foreclosure process and entitles Plaintiff to relief.

Defendants' noncompliance with these regulations renders any foreclosure action voidable and subject to injunctive relief.

## COUNT III – WRONGFUL FORECLOSURE

Plaintiff realleges and incorporates all preceding paragraphs.

Under Nevada law, a foreclosure is wrongful when it is initiated or conducted without compliance with statutory and contractual requirements, including conditions precedent to foreclosure.

Defendants initiated and continue foreclosure proceedings despite:

- Failing to comply with federal servicing obligations under RESPA;
- Failing to comply with mandatory FHA servicing regulations;
- Failing to provide sufficient documentation establishing the validity and accuracy of the alleged debt.

A trustee or beneficiary may not lawfully foreclose where material conditions precedent have not been satisfied or where the underlying debt is subject to legitimate dispute.

See *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610 (Nev. 1983); *Leyva v. Nat'l Default Servicing Corp.*, 255 P.3d 1275 (Nev. 2011).

As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer harm, including the imminent loss of her home and associated damages.

Plaintiff is not required to tender the alleged debt where the foreclosure is void or based on Defendants' failure to comply with statutory and regulatory conditions precedent.

See *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610 (Nev. 1983).

The Notice of Trustee's Sale evidencing the pending foreclosure is attached as Exhibit D.

## COUNT IV – DECLARATORY AND INJUNCTIVE RELIEF

(28 U.S.C. §§ 2201–2202; Fed. R. Civ. P. 65)

Plaintiff realleges and incorporates all preceding paragraphs.

An actual, present, and justiciable controversy exists between Plaintiff and Defendants regarding:

- The validity of the alleged debt;
- Defendants' compliance with federal servicing laws;
- Defendants' authority to proceed with foreclosure.

Plaintiff seeks a declaration that:

- Defendants have failed to comply with RESPA and FHA servicing regulations;
- Defendants lack the present right to enforce the loan through foreclosure;
- The pending foreclosure is invalid and must be halted.

Plaintiff further seeks preliminary and permanent injunctive relief to prevent the scheduled foreclosure sale.

Plaintiff satisfies the requirements for injunctive relief, including:

- A likelihood of success on the merits;
- Irreparable harm in the absence of relief;
- The balance of equities tipping in Plaintiff's favor;
- The public interest supporting enforcement of federal consumer protection laws.

See *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150 (9th Cir. 2011).

Absent injunctive relief, Plaintiff will suffer the loss of her home, which constitutes irreparable harm as a matter of law.

## COUNT V – QUIET TITLE

(Nevada Law)

Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

Plaintiff brings this claim pursuant to Nevada law to determine the adverse claims of Defendants to the Property and to quiet title in Plaintiff's favor.

Plaintiff is the lawful owner and occupant of the real property located at 5009 Paradise Harbor Place, North Las Vegas, Nevada (the "Property"), and holds a valid interest in the Property, including through a duly recorded trust.

Defendants claim an adverse interest in the Property by virtue of a deed of trust and/or purported assignments thereof. However, upon information and belief, Defendants cannot demonstrate a valid, enforceable interest in the Property sufficient to support foreclosure.

Specifically, Defendants have failed to produce:

- The original promissory note or a properly endorsed copy thereof;
- A complete and verifiable chain of assignments demonstrating a lawful transfer of interest;
- Documentation establishing the current holder of the note or beneficiary of the deed of trust;
- A complete and accurate accounting of the alleged debt.

Further, Defendants' failure to comply with mandatory federal servicing requirements, including RESPA and FHA regulations, calls into question their authority to enforce the loan and proceed with foreclosure.

Despite Plaintiff's written demand, Defendants have failed to produce such documentation.

Under Nevada law, a party seeking to enforce a deed of trust must demonstrate both possession of the note and the right to enforce it. See *Leyva v. Nat'l Default Servicing Corp.*, 255 P.3d 1275 (Nev. 2011).

Where there exists a genuine dispute as to the validity of the debt, the chain of title, or the authority of the foreclosing party, quiet title is appropriate to resolve such competing claims.

Plaintiff seeks a judicial determination that:

- Defendants have no valid or enforceable interest in the Property sufficient to support foreclosure;
- Any purported assignments or transfers of the deed of trust are invalid, defective, or unproven;
- Title to the Property is vested in Plaintiff, free and clear of any unlawful or unenforceable claims by Defendants.

Plaintiff is not required to tender the alleged debt where the foreclosure is void or where Defendants lack authority to enforce the loan. See *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610 (Nev. 1983).

As a result of Defendants' adverse claims, Plaintiff has suffered and continues to suffer harm, including clouded title, inability to freely enjoy or transfer the Property, and the imminent threat of wrongful foreclosure.

Plaintiff therefore seeks to quiet title against all Defendants and any persons claiming an interest in the Property adverse to Plaintiff.

As a result, a genuine dispute exists as to the identity of the party entitled to enforce the loan.

## RESERVATION OF RIGHTS

Plaintiff expressly reserves all rights to amend this Complaint to assert additional claims and parties as discovery and investigation warrant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and grant the following relief:

1. **Temporary Restraining Order ("TRO")** immediately enjoining Defendants, their agents, successors, and all persons acting in concert with them from conducting, proceeding with, or in any way facilitating any foreclosure sale of the Property pending further order of this Court;
2. **Preliminary and Permanent Injunctions** enjoining Defendants from initiating, continuing, or completing any foreclosure proceedings against the Property unless and until they demonstrate full compliance with all applicable federal and state laws, including RESPA and FHA servicing regulations;
3. **Declaratory Relief** pursuant to 28 U.S.C. §§ 2201–2202 declaring that:
    - Defendants have violated RESPA and its implementing regulations;
    - Defendants have failed to comply with mandatory FHA servicing requirements;
    - Defendants lack the present legal authority to enforce the loan through foreclosure;
    - Any pending foreclosure proceedings are invalid, unlawful, and unenforceable;

4. **Actual Damages** pursuant to 12 U.S.C. § 2605(f), including but not limited to financial losses, improper charges, emotional distress, and costs incurred as a result of Defendants' unlawful conduct;

5. **Statutory Damages** under RESPA for Defendants' pattern or practice of noncompliance;

6. **Costs and Attorney's Fees**, including those recoverable under 12 U.S.C. § 2605(f) and any other applicable provision of law;

7. **Equitable Relief**, including but not limited to an order requiring Defendants to provide a complete and accurate accounting of the loan, validate all amounts claimed due, and correct any errors in the servicing of Plaintiff's loan;

8. **Such other and further relief** as the Court deems just, proper, and equitable under the circumstances.

9. Plaintiff further requests expedited consideration of this matter in light of the pending foreclosure sale.

## VIII. VERIFICATION

I, ADELLA L. LOGAN, declare under penalty of perjury under the laws of the United States of America that I am the Plaintiff in the above-captioned action, that I have read the foregoing Verified Complaint, and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

I further declare that this Verification is made pursuant to 28 U.S.C. § 1746.

Executed on this 25th day of March , 2026, at 9:13 Am .

ADELLA L. LOGAN

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___ day of _____, 2026, a true and correct copy of the foregoing was served via certified mail and/or electronic mail upon the following:

**CITIZENS BANK, N.A.**

Citizens Bank, N.A.
One Citizens Plaza
Providence, RI 02903

**MERS (Mortgage Electronic Registration Systems)**

MERSCORP Holdings, Inc.
1818 Library Street, Suite 300
Reston, VA 20190

**TRUSTEE CORPS**

Trustee Corps
5075 S. Durango Drive, Suite 104
Las Vegas, NV 89113

Trustee Corps
17100 Gillette Avenue
Irvine, CA 92614

ADELLA L. LOGAN

# Exhibit A

## Qualified Written Request dated

## February 21, 2026



Date: 2/21/2026
**Via Certified Mail – Return Receipt Requested**

**RE: Qualified Written Request, Notice of Error, and Request for Information**
Pursuant to 12 U.S.C. § 2605(e) and 12 C.F.R. §§ 1024.35 and 1024.36

Borrower: Adella L. Logan
Property Address: 5009 Paradise Harbor Place, North Las Vegas, NV 89031
Loan Number: 8107239132

To Whom It May Concern:

This correspondence constitutes a Qualified Written Request under 12 U.S.C. § 2605(e) of the Real Estate Settlement Procedures Act (RESPA), as well as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and a Request for Information pursuant to 12 C.F.R. § 1024.36.

This request relates specifically to the servicing of the above-referenced mortgage loan.

I dispute the accuracy and validity of the servicing of this loan and request the following information and documentation:

1. The name, address, and contact information of the current holder and/or owner of the promissory note.
2. The complete loan payment history from origination to present, including application of each payment.
3. An itemized statement of the total amount necessary to cure the alleged default, including principal, interest, escrow, corporate advances, late charges, trustee fees, attorney fees, and any other charges.
4. Copies of all assignments of the Deed of Trust.
5. Documentation supporting acceleration of the loan, including the date and basis for such action.
6. A copy of the promissory note, including all endorsements, allonges, and modifications.
7. Documentation supporting the corporate advances currently reflected in the amount of $3,927.41.
8. Documentation supporting compliance with NRS 107.510, including records of borrower contact and loss mitigation review.
9. Identification of the individual who executed the Affidavit of Authority to Exercise Power of Sale and documentation establishing their authority.
10. The designated address for receipt of future Qualified Written Requests.

Additionally, this letter serves as a Notice of Error pursuant to 12 C.F.R. § 1024.35 regarding:

• Failure to properly credit payments
• Imposition of unsupported fees or corporate advances
• Improper acceleration

- Failure to provide accurate information regarding the amount due
- Failure to provide required disclosures

If you contend that no error occurred, please provide a written explanation and supporting documentation as required under Regulation X.

Given the active foreclosure activity, I respectfully request that no foreclosure sale or further collection activity proceed until the above errors and information requests are properly investigated and resolved in compliance with federal law.

Please acknowledge receipt of this request within five (5) business days and provide a substantive written response within thirty (30) business days as required by law.

This request is made in good faith to obtain clarity and ensure accurate servicing.

Sincerely,
/s/ Adella L. Logan
5009 Paradise Harbor Place
North Las Vegas, NV 89031





# Exhibit B

# Defendants' QWR Acknowledgment dated March 3, 2026





VAM 455
10561 Telegraph Rd
Glen Allen, VA 23059

March 03, 2026

Adella L Logan
5009 Paradise Harbor Pl                          Loan Number: 8107239132
North Las Vegas, NV 89031

Re: **Your recent inquiry**
        Property Address: 5009 Paradise Harbor Pl
                          North Las Vegas NV 89031

Dear Adella L Logan,

Thanks for your recent inquiry about your home loan.

We're researching your request now and will provide our response in
writing within 30 business days. If we need additional time to complete
our research, we'll let you know.

If you have questions, give us a call at 800-234-6002, Monday through
Friday from 8 am to 8 pm ET. If you have a hearing or speech
impairment, you can reach the relay service at 800-654-5988.

Sincerely,


Citizens

                                                    S4M/CE052/05-25

Mortgages and home equity loans are offered and originated by Citizens Bank, N.A. Citizens is a brand name of Citizens Bank, N.A. (NMLS ID# 433960). All loans are subject to approval. ⌂ Equal Housing Lender.



**Important Disclosures**

VAM 455
10561 Telegraph Rd
Glen Allen, VA 23059

### Address for Certain Loan Requests and Notifications
The address below must be used to notify us of a possible error, request information, dispute credit reporting or opt out of bankruptcy statements, and can be used to file a complaint.

    Citizens
    Attn: Customer Service
    P.O. Box 6260
    Glen Allen, VA 23058-6260

### HUD Resources
The Department of Housing and Urban Development (HUD) offers homeownership counseling at no charge. To locate counseling agencies or programs in your area, call 800-569-4287, TDD 800-877-8339 or visit www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

### Important Information Regarding Scams
Your mortgage servicer or qualified counselor should never charge a fee for assistance or information about foreclosure prevention options. Be wary of companies or individuals charging a fee for assistance and never send your mortgage payment to any company other than the one listed on your mortgage statement or the state assistance program designated to receive your payments. If you believe that you are a victim of a scam and would like to file a report, please call 888-995-HOPE (4673) or visit 995hope.org/homeowners-renters/foreclosure-prevention-scams.

### Important Notice to Servicemembers and their Dependents
If you are a servicemember who is, or recently was, on "active duty" or "active service", or a dependent of such a servicemember, you may be entitled to certain legal rights and protections, including protection from foreclosure or eviction, pursuant to the Servicemembers Civil Relief Act, as amended (the SCRA) and possibly, certain similar state statutes. If you believe you may be entitled to rights and protections under SCRA, please contact us at:

    Office of the Customer
    Military Assistance Team
    One Citizens Bank Way      JCA150
    Johnston, RI 02919
    Phone: 800-234-6002

### Important Servicer Notices
We may report information about your account to credit bureaus, including late or missed payments or other defaults.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

### Important Bankruptcy Information
If you are subject to a pending bankruptcy proceeding, or if you have received a discharge, this communication is for information purposes only. It is to advise you of the status of the loan and is not an attempt to collect a debt.

Mortgages and home equity loans are offered and originated by Citizens Bank, N.A. Citizens is a brand name of Citizens Bank, N.A. (NMLS ID# 433960). All loans are subject to approval. ⌂ Equal Housing Lender.

# Exhibit C

## Mortgage Statement reflecting disputed amounts



# ✳ Citizens®

## Mortgage Account Statement

Statement Date: 3/10/26 | Loan Number: 8107239132

🖥 citizensbank.com | 800-234-6002

Page 1 of 2

## Account Information

| | |
|---|---|
| Outstanding Principal | $322,116.48 |
| Corporate Advance | $3,987.41 |
| Escrow Balance | -$6,819.17 |
| Last Escrow Analysis Date | 8/20/25 |
| Interest Rate | 4.750% |
| Maturity Date | 6/52 |
| Prepayment Penalty | No |

The **Outstanding Principal** above is not the total amount required to pay your loan in full.

### Total Amount Due on 3/10/26: **$41,087.37**

If payment is received after 9 pm ET on April 16, 2026, a $69.81 late fee will be charged.

Property Address: 5009 PARADISE HARBOR PL
NORTH LAS VEGAS, NV 89031

## Past Payment Breakdown

| | Paid Since Last Statement | Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| **Total Received** | **$0.00** | **$0.00** |

## Explanation of Amount Due

| | |
|---|---|
| Total Fees and Charges | $379.05 |
| Late Fees | $349.05 |
| Other Fees and Charges | $30.00 |
| Corporate Advance | $3,987.41 |
| Past Due Payment(s) | $36,720.91 |
| **Total Amount Due as of March 10, 2026** | **$41,087.37** |
| **Accelerated Amount as of April 22, 2025** | **$336,903.90** |

Your loan has been accelerated due to: Failure to make payments.

The Accelerated Amount is the full amount of the loan inclusive of outstanding interest, fees, and costs owed as of the date identified above. The Accelerated Amount does not include any amount(s) incurred after that date, and is not a payoff amount.

If you have a foreclosure sale scheduled, you should contact the foreclosure attorney assigned to your loan to arrange payment to reinstate prior to the sale date.

**CERTIFIED FUNDS WILL BE REQUIRED.**

## Important Messages

The **Total Amount Due** does not include any amount(s) incurred after March 10, 2026. Additionally, the Total Amount Due does not include your next payment due April 1, 2026, of $2,160.50. To obtain an Amount Due after March 10, 2026, please call 800-234-6002.

**Mortgage Servicing Fees:** It's important to understand when fees can be charged and if possible, ways to avoid them. Fees may apply based on various servicing transactions and requests. For more information, go to citizensbank.com/mortgageservicingfees.

## Transaction Activity Since Your Last Statement

| Date | Description | Principal | Interest | Escrow | Fees/Other | Total |
|---|---|---|---|---|---|---|
| 2/24/26 | Corporate Advance | - | - | - | $30.00 | $30.00 |
| 3/6/26 | Mortgage Insurance Disbursement | - | - | -$206.78 | - | -$206.78 |
| 3/6/26 | Escrow Advance | - | - | $206.78 | - | $206.78 |

---

# ✳ Citizens®

Citizens
P.O. Box 9010
South Windsor, CT 06074-9010

AB 01 010206 03795 H 39 A
ADELLA L LOGAN
5009 PARADISE HARBOR PL
NORTH LAS VEGAS, NV 89031-0986



Loan Number:    8107239132

### Total Amount Due on 3/10/26: **$41,087.37**

**Additional Payment:** If you're paying more than the amount due, specify how you'd like the extra amount applied to your loan.

| | |
|---|---|
| Additional Principal | $ _____ |
| Additional Escrow | $ _____ |
| Late Fees | $ _____ |
| Other Charges (include fee name) | $ _____ |
| **Total Amount Enclosed** | $ _____ |

Payment must be made by certified funds to Citizens (cashier's check, certified check or money order). Please include your loan number on your payment.

Citizens
P.O. Box 2800
Glen Allen, VA 23058-2800

293    8107239132021605002230310416269

**Citizens**

**Delinquency Notice**
Date: 3/10/26 | Loan Number: 8107239132

## Delinquency Notice

**Your loan became delinquent on November 2, 2024.** As of March 10, 2026, you are 494 days delinquent. Failure to bring your loan current may result in fees and foreclosure - the loss of your home.

**Recent Account History**

Payment Due 10/1/25: Unpaid Balance of $2,160.50

Payment Due 11/1/25: Unpaid Balance of $2,160.50

Payment Due 12/1/25: Unpaid Balance of $2,160.50

Payment Due 1/1/26: Unpaid Balance of $2,160.50

Payment Due 2/1/26: Unpaid Balance of $2,160.50

Payment Due 3/1/26: Unpaid Balance of $2,160.50

Current Payment Amount for April 1, 2026: $2,160.50

**Total Due: $43,247.87 This is not the amount needed to reinstate your loan. Please call the foreclosure attorney assigned to your loan for the reinstatement amount.**

**The first notice or filing required by applicable law for the foreclosure process has been made as of April 21, 2025.**

**If you're experiencing financial difficulty,** see enclosed for information about mortgage counseling and assistance.

010206 2/2

# Exhibit D

## Notice of Trustee's Sale



Inst #: 20260316-0001404
Fees: $42.00
03/16/2026 02:51:26 PM
Receipt #: 6152073
Requestor:
First American Title Insu
Recorded By: SCHIABLE    Pgs: 3
**Debbie Conway**
CLARK COUNTY RECORDER
Src: ERECORD
Ofc: ERECORD

APN 124-32-713-040

RECORDING REQUESTED BY:

First American Title Company

WHEN RECORDED MAIL TO:

MTC Financial Inc. dba Trustee Corps
3571 Red Rock St., Ste B
Las Vegas, NV 89103

---

TS No: NV07000042-25-1                                    TO No: 92244412

## NOTICE OF TRUSTEE'S SALE
## IMPORTANT NOTICE TO PROPERTY OWNER

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST AND SECURITY AGREEMENT DATED May 25, 2022. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On **May 15, 2026**, at **10:00 AM**, **MTC Financial Inc. dba Trustee Corps**, as duly appointed Trustee **WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH Nevada Legal News, 930 S. 4th Street, Las Vegas, NV 89101**, all right, title and interest conveyed to and now held by it under and pursuant to Deed of Trust recorded on June 7, 2022, as Instrument No. 20220607-0001345, of the official records in the Office of the Recorder of Clark County, Nevada, executed by ADELLA L LOGAN, AN UNMARRIED WOMAN as Trustor, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary, as nominee for THE FEDERAL SAVINGS BANK as Beneficiary, all that certain property situated in said County and State, and more commonly described as: **SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF**

The property heretofore described is being sold "as is". The street address and other common designation, if any, of the real property described above is purported to be: **5009 PARADISE HARBOR PL, NORTH LAS VEGAS, NV 89031-0986**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty expressed or implied, regarding title, possession or encumbrances, to pay the remaining unpaid principal balance of **$322,116.48**, the obligations secured by the property to be sold and reasonably estimated costs, expenses and advances as of the first publication date of this Notice of Trustee's Sale. Accrued interest and additional advances, if any, will increase the figure prior to sale. The property offered for sale excludes all funds held on account by the property receiver, if applicable.



TS No: NV07000042-25-1

## EXHIBIT "A"

PARCEL 1:

LOT 91 IN BLOCK 3 OF TIERRA DE LAS PALMAS VILLAGE 2-UNIT 2, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 84 OF PLATS, PAGE 89 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

PARCEL 2:

A NON-EXCLUSIVE EASEMENT FOR ACCESS,INGRESS AND EGRESS OVER THE ASSOCIATION PROPERTY SUBJECT TO THE CONDITIONS SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR PELICAN CREEK, RECORDED JULY 2, 1997 IN BOOK 970702 AS DOCUMENT NO. 01370 AS THE SAME MAY FROM TIME TO TIME BE AMENDED AND/OR SUPPLEMENTED IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA WHICH EASEMENT IS APPURTENANT TO PARCEL ONE.



## NOTICE TO TENANTS OF THE PROPERTY

Foreclosure proceedings against this property have started, and a notice of sale of the property to the highest bidder has been issued.

You may either: (1) terminate your lease or rental agreement and move out; or (2) remain and possibly be subject to eviction proceedings under chapter 40 of the Nevada Revised Statutes. Any subtenants may also be subject to eviction proceedings.

Between now and the date of the sale, you may be evicted if you fail to pay rent or live up to your other obligations to the landlord.

After the date of the sale, you may be evicted if you fail to pay rent or live up to your other obligations to the successful bidder, in accordance with chapter 118A of the Nevada Revised Statutes.

Under the Nevada Revised Statutes eviction proceedings may begin against you after you have been given a notice to surrender.

If the property is sold and you pay rent by the week or another period of time that is shorter than 1 month, you should generally receive notice after not less than the number of days in that period of time.

If the property is sold and you pay rent by the month or any other period of time that is 1 month or longer, you should generally receive notice at least 60 days in advance.

Under Nevada Revised Statutes 40.280, notice must generally be served on you pursuant to chapter 40 of the Nevada Revised Statutes.

If the property is sold and a landlord, successful bidder or subsequent purchaser files an eviction action against you in court, you will be served with a summons and complaint and have the opportunity to respond. Eviction actions may result in temporary evictions, permanent evictions, the awarding of damages pursuant to Nevada Revised Statutes 40.360 or some combination of those results.

Under the Justice Court Rules of Civil Procedure:

(1) You will be given at least 10 days to answer a summons and complaint;

(2) If you do not file an answer, an order evicting you by default may be obtained against you;

(3) A hearing regarding a temporary eviction may be called as soon as 11 days after you are served with the summons and complaint; and

(4) A hearing regarding a permanent eviction may be called as soon as 20 days after you are served with the summons and complaint.

# Exhibit E

## Property inspection / door notice





VAM430
10561 Telegraph Road
Glen Allen, VA 23059

January 12, 2026

Adella L Logan                                          Loan Number: 8107239132
5009 Paradise Harbor Pl
North Las Vegas, NV 89031

Re: **Inspection of your property**
    Property Address: 5009 Paradise Harbor Pl
                      North Las Vegas NV 89031

Dear Adella L Logan,

As the servicer of your home loan, we perform periodic inspections of
your property.

Our records show that your property is in a gated community or secured
access building and access needs to be granted by you so we can perform
the inspection.

**What you need to do**
Please complete and return the enclosed Property Management Contact
Information and Property Access Authorization form by January 27, 2026
using the enclosed envelope.

After we receive the signed form, we'll communicate with the Property
Management Company to arrange for access to your property to complete
the inspection.

NOTE: As a reminder, you're responsible for maintaining your property
according to your loan agreement.

If you have any questions, call Property Preservation at 866-999-0014,
Monday through Friday from 8 am to 5 pm ET. If you have a hearing or
speech impairment, you can reach the relay service at 800-654-5988.

Sincerely,

Citizens

XC300/LFB/07-25



Sent from AOL on Android

# Exhibit F

## Recorded deed and/or trust documents



Inst #: 20241021-0000825
Fees: $42.00
RPTT: $0.00  Ex #: 007
10/21/2024 11:12:31 AM
Receipt #: 5718670
Requestor:
ADELLA LOGAN
Recorded By: ARNVI  Pgs: 4
Debbie Conway
CLARK COUNTY RECORDER
Src: FRONT COUNTER
Ofc: MAIN OFFICE

APN:  124-32-713-040

Recording requested by and mail documents and tax statements to:

Name:    Adella L. Logan

Address:    5009 Paradise Harbor Pl

City/State/Zip:  North Las Vegas, Nevada 89031

DED104
Nevada Legal Forms &Tax Services, Inc.
www.nevadalegalforms.com

RPTT: 7

# QUITCLAIM DEED

THIS INDENTURE WITNESS That the GRANTOR(S): _Adella L. Logan, an unmarried woman for and in consideration of Zero Dollars ($ -0-) do hereby QUITCLAIM the right, title and interest, if any, which GRANTOR may have in all that real property, the receipt of which is hereby acknowledged, to the GRANTEE(S): Adella L. Logan, Trustee of the Adella L Logan Trust dated June 8, 2020, all that real property situated in the City of North Las Vegas, County of Clark, State of Nevada, bounded and described as follows:(Set forth legal description and commonly known address)

5009 Paradise Harbor Place, North Las Vegas, Nevada 89031

**LEGAL DESCRIPTION:**

SEE EXHIBIT A – ATTACHED HERETO AND MADE A PART HEREOF BY THIS REFERENCE FOR LEGAL DESCRIPTION.

Quitclaim Deed

Together with all and singular hereditament and appurtenances thereunto belonging or in any way, appertaining to.

In Witness Whereof, I/We have hereunto set my hand/our hands on 21st day of October, 20 24.

_____
Signature of Grantor

_____
Signature of Grantor

Adella L. Logan
Print or Type Name Here

_____
Print or Type Name Here

STATE OF NEVADA )
                )
COUNTY OF CLARK )

On this 21st day of October, 20 24, personally appeared before me, a Notary Public,

Adella L. Logan _____, ☒ personally known to me OR ☐ proved to me on the basis of satisfactory evidence to be the person(s) described in and who executed the foregoing instrument in the capacity set forth therein, who acknowledged to me that they executed the same freely and voluntarily and for the uses and purposes therein mentioned. Witness my hand and official seal.

_____
Notary Public
My commission expires: 01/22/2025
Consult an attorney if you doubt this forms fitness for your purpose.

LINDA C. HOWARD
NOTARY PUBLIC
STATE OF NEVADA
MY COMMISSION EXPIRES: 01-22-2025
CERTIFICATE NO: 09-11576-1

Quitclaim Deed

Page 2 of 2



# EXHIBIT "A"
## Legal Description

PARCEL ONE (1):

LOT NINETY-ONE (91) IN BLOCK THREE (3) OF TIERRA DE LAS PALMAS VILLAGE 2-UNIT 2, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 84 OF PLATS, PAGE 89, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

PARCEL TWO (2):

A NON-EXCLUSIVE EASEMENT FOR ACCESS, INGRESS AND EGRESS OVER THE ASSOCIATION PROPERTY SUBJECT TO THE CONDITIONS SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR THE PELICAN CREEK, RECORDED JULY 21, 1997 IN BOOK 970702 AS DOCUMENT NO. 01370 AS THE SAME MAY FROM TIME TO TIME BE AMENDED AND/OR SUPPLEMENTED IN THE OFFICE OF THE COUNTY RECORDED OF CLARK COUNTY, NEVADA WHICH EASEMENT IS APPURTENANT TO PARCEL ONE (1).

Unofficial Copy

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1. Assessor Parcel Number(s)
   a. _124-32-713-040_
   b. _____
   c. _____
   d. _____

2. Type of Property:
   a. ☐ Vacant Land    b. ☑ Single Fam. Res.
   c. ☐ Condo/Twnhse   d. ☐ 2-4 Plex
   e. ☐ Apt. Bldg      f. ☐ Comm'l/Ind'l
   g. ☐ Agricultural   h. ☐ Mobile Home
      ☐ Other

| FOR RECORDERS OPTIONAL USE ONLY |
|---|
| Book_____ Page:_____ |
| Date of Recording: _____ |
| Notes: |

3. a. Total Value/Sales Price of Property    $ ____0.00____
   b. Deed in Lieu of Foreclosure Only (value of property ( ____0.00____ )
   c. Transfer Tax Value:    $ ____0.00____
   d. Real Property Transfer Tax Due    $ ____0.00____

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section __7__
   b. Explain Reason for Exemption: _Transfer without consideration to/from a Trust_

5. Partial Interest: Percentage being transferred: _100_ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _Adella L Logan_    Capacity: _Grantor_

Signature _____    Capacity: _____

**SELLER (GRANTOR) INFORMATION**
**(REQUIRED)**
Print Name: _Adella L. Logan_
Address: _5009 Paradise Harbor Place_
City: _North Las Vegas_
State: _Nevada_    Zip: _89031_

**BUYER (GRANTEE) INFORMATION**
**(REQUIRED)**
Print Name: _The Adella L. Logan Trust_
Address: _5009 Paradise Harbor Place_
City: _North Las Vegas_
State: _Nevada_    Zip: _89031_

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**
Print Name: _____    Escrow # _____
Address: _____
City: _____    State: _____ Zip: _____

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED