UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA



FILED        ___ RECEIVED
ENTERED      ___ SERVED ON
COUNSEL/PARTIES OF RECORD

APR 2 7 2026

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

ADELLA L. LOGAN,
Plaintiff,

v.

CITIZENS BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS); TRUSTEE CORPS, LLC; and DOES 1–10,
Defendants.

Case No. 2:26-cv-00887-APG-MDC

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY AND PROPOSED SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### I. MOTION FOR LEAVE

Plaintiff, Adella L. Logan, respectfully moves this Court for leave to file the attached Sur-Reply.

Defendant's Reply raises new arguments and materially reframes prior arguments, particularly regarding RESPA damages, the scope of Plaintiff's Qualified Written Request ("QWR"), and the legal characterization of Plaintiff's claims. These arguments were not fully or fairly presented in Defendant's initial Motion to Dismiss.

Because Plaintiff has not previously had an opportunity to respond to these newly emphasized arguments, a sur-reply is necessary to prevent unfair prejudice and to ensure full and fair consideration of the issues.

Federal courts routinely permit sur-replies where a reply brief introduces new arguments or shifts the legal theory in a manner that would otherwise deprive the opposing party of a meaningful opportunity to respond.

### II. PROPOSED SUR-REPLY

### A. DEFENDANT IMPROPERLY RAISES NEW ARGUMENTS

Defendant now asserts, with greater specificity than in its original motion, that Plaintiff has failed to allege "quantifiable" or sufficiently specific damages under RESPA.

This argument was not meaningfully developed in Defendant's initial Motion and constitutes an improper expansion of its position on reply. A party may not raise new arguments for the first time in a reply brief.

Accordingly, the Court should either disregard these arguments or permit this Sur-Reply.

## B. PLAINTIFF HAS ADEQUATELY PLED RESPA DAMAGES

Defendant's argument fails as a matter of law.

At the pleading stage, a plaintiff is not required to prove damages or quantify them with precision. Rather, a complaint need only contain sufficient factual matter to state a plausible claim for relief under:

- Bell Atlantic Corp. v. Twombly
- Ashcroft v. Iqbal

Plaintiff has alleged concrete and cognizable damages, including:

- Postage and mailing expenses associated with Qualified Written Requests
- Administrative and copying costs
- Time expended investigating account discrepancies and communicating with Defendant
- Increased loan balances due to unverified and unexplained charges
- Ongoing financial harm and disruption

These allegations are further supported by Plaintiff's sworn Declaration.

Courts have consistently recognized such damages as actionable under RESPA, including out of pocket expenses and costs incurred in attempting to correct servicing errors.

Defendant's attempt to impose a heightened "quantification" requirement at the pleading stage is contrary to controlling law and must be rejected.

## C. DEFENDANT MISCHARACTERIZES PLAINTIFF'S QUALIFIED WRITTEN REQUEST

Defendant attempts to recharacterize Plaintiff's correspondence as outside the scope of a valid QWR.

This argument is contradicted by the record.

Plaintiff's written correspondence:

- Identifies the borrower and loan account
- Disputes errors in payment application and account balances
- Requests detailed servicing information, including payment history and fee breakdowns

These are quintessential servicing related inquiries within the scope of 12 U.S.C. § 2605(e).

Whether a communication constitutes a valid QWR is a fact intensive inquiry that cannot be resolved at the pleading stage.

Defendant's disagreement with Plaintiff's characterization does not render the claim implausible; rather, it confirms the existence of a live factual dispute.

## D. MATERIAL FACTUAL DISPUTES PRECLUDE DISMISSAL

Defendant's own response to Plaintiff's QWR, now part of the record, confirms:

- Assertions regarding loan ownership
- Claimed default status and amounts allegedly owed
- Itemized fees and charges

These issues are actively disputed by Plaintiff.

Where the pleadings and submitted materials demonstrate competing factual narratives, dismissal under Rule 12(b)(6) is improper.

At minimum, Plaintiff is entitled to discovery to test the accuracy and reliability of Defendant's assertions and records.

## E. PLAINTIFF'S CLAIM IS A PROPER PRE FORECLOSURE CHALLENGE

Defendant argues that Plaintiff's wrongful foreclosure claim is premature because no foreclosure sale has occurred.

This argument improperly narrows Plaintiff's claim.

Plaintiff's action is properly construed as a pre-foreclosure challenge seeking to enjoin unlawful foreclosure activity and to enforce compliance with contractual and statutory obligations prior to sale.

Courts routinely recognize such claims to prevent irreparable harm. Requiring a borrower to wait until after foreclosure would defeat the purpose of equitable relief.

Plaintiff has alleged:

- Active foreclosure proceedings
- A credible and imminent threat of sale
- Material defects in servicing and enforcement

These allegations establish a live case or controversy and support judicial intervention.

## F. FHA SERVICING VIOLATIONS ARE ENFORCEABLE THROUGH CONTRACT AND EQUITY

Defendant's argument regarding the absence of a private right of action under 24 C.F.R. § 203.604 is incomplete and misdirected.

Plaintiff does not rely on FHA regulations as a standalone cause of action. Rather, Plaintiff invokes these regulations as:

- Contractual conditions precedent incorporated into the loan instruments; and
- Mandatory servicing obligations governing the right to accelerate and foreclose

Defendant's failure to comply with these requirements renders any attempted foreclosure procedurally defective and subject to equitable relief.

Additionally, such violations independently support injunctive and declaratory relief under the Court's equitable powers.

## G. DECLARATORY AND INJUNCTIVE RELIEF ARE PROPER

Defendant argues that declaratory and injunctive relief are not independent causes of action.

While these remedies may not stand alone, they are properly pled in connection with viable substantive claims.

Where underlying claims survive, requests for equitable relief necessarily remain viable.

## H. THE TENDER RULE DOES NOT APPLY

Defendant's reliance on a tender requirement is misplaced.

Courts recognize exceptions to any tender requirement where:

- The validity or amount of the debt is disputed
- The authority of the foreclosing party is challenged
- The foreclosure process itself is alleged to be defective

Plaintiff directly challenges Defendant's authority, the accuracy of the loan accounting, and the legality of the foreclosure process.

Requiring tender under these circumstances would be inequitable and contrary to established legal principles.

## I. RULE 12(d) REQUIRES DENIAL OR CONVERSION

Both parties have presented materials outside the pleadings.

Under Federal Rule of Civil Procedure 12(d), the Court must either:

- Exclude such materials, or
- Convert the motion to one for summary judgment

Given the existence of disputed material facts, dismissal at this stage is improper.

## J. EQUITY REQUIRES THAT THIS ACTION PROCEED

This case falls squarely within the Court's equitable jurisdiction.

Plaintiff seeks to prevent the loss of her home based on:

- Disputed loan accounting
- Alleged servicing failures
- Questions regarding Defendant's authority

Equity recognizes that:

- Equity will not suffer a wrong without a remedy
- Equity regards substance over form
- He who seeks equity must do equity but only where the opposing party has acted equitably

Defendant seeks to enforce the extraordinary remedy of foreclosure while allegedly failing to comply with mandatory servicing obligations and while material disputes remain unresolved.

Allowing foreclosure to proceed under such circumstances would result in irreparable harm and would undermine the fundamental purpose of equitable relief.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. GRANT leave to file this Sur-Reply;
2. DENY Defendant's Motion to Dismiss in its entirety;
3. Alternatively, convert the Motion under Rule 12(d); and
4. Grant such other and further relief as the Court deems just, proper, and equitable.

DATED: April 27, 2026

Respectfully submitted,

/s/ Adella L. Logan
Adella L. Logan, Pro Se
5009 Paradise Harbor Place
North Las Vegas, NV 89031

CERTIFICATE OF SERVICE

I, Adella L. Logan, hereby certify under penalty of perjury that on this 27th day of April, 2026, I caused a true and correct copy of the:

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY AND PROPOSED SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

to be served upon all parties required to be served pursuant to **Rule 5 of the Federal Rules of Civil Procedure**, by the methods indicated below.

**Citizens Bank, N.A.**

c/o Legal Department
One Citizens Bank Way
Johnston, RI 02919


**Mortgage Electronic Registration Systems, Inc. (MERS)**

c/o CT Corporation System
4701 Cox Road, Suite 285
Glen Allen, VA 23060

**Trustee Corps, LLC**

3571 Red Rock Street, Suite B
Las Vegas, NV 89103

3064 Silver Sage Drive, Suite 150
Carson City, NV 89701

METHOD OF SERVICE

☒ United States Mail, First Class, Postage Prepaid
☒ Electronic Mail (where applicable)

**DATED:** 27 April 2026

/s/ Adella L. Logan
**Adella L. Logan**
Plaintiff, Pro Se