NATHAN F. SMITH, #12642
MALCOLM ♦ CISNEROS, A Law Corporation
7473 W. Lake Mead Blvd., Suite 100
Las Vegas, NV 89128
Telephone: (702) 728-5285
Telecopier: (702) 728-5228
Email: nathan@mclaw.org

*Attorney for Mortgage Electronic Registration Systems, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ADELLA L. LOGAN, | Case No. 2:26-cv-00887-APG-MDC |
| Plaintiff, | |
| vs. | **MOTION TO DISMISS COMPLAINT** |
| CITIZENS BANK, N.A.;  MORTGAGE ELECTRONIC REGISTRATION  SYSTEMS, INC. (MERS);  TRUSTEE CORPS; and DOES 1–10, | |
| Defendants. | |

Defendant Mortgage Electronic Registration Systems, Inc. ("MERS" or "Defendant"), hereby moves to dismiss Adella L. Logan's ("Plaintiff") Complaint against it pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).   Defendant's motion ("Motion") is based upon the following memorandum of points and authorities, the pleadings on file in this case, any additional briefing that the Court may require, and any oral argument that may be presented at a hearing on the Motion.

Motion to Dismiss                                    1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

According to Plaintiff's Complaint, this case concerns the foreclosure of her home, which is the real property commonly known as 5009 Paradise Harbor Place, North Las Vegas, Nevada ("Property"). Plaintiff alleges four causes of action: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; (2) violation of FHA servicing regulations, 24 C.F.R. § 203.604; (3) wrongful foreclosure; and (4) declaratory and injunctive relief.

According to the Complaint, MERS is named as a defendant solely because it "claims an interest in the Property by virtue of its role in the chain of title and/or assignment of the deed of trust." Plaintiff further alleges, without any specificity whatsoever, that "Defendants," as "loan servicers" of her mortgage loan, failed to adequately respond to an alleged Qualified Written Request ("QWR") and failed to conduct a face-to-face meeting prior to initiating foreclosure proceedings against the Property. Plaintiff's claims fail to state claims upon which relief can be granted against Defendant as follows:

A.    MERS has, and claims, no interest in the Property, and assigned any interest that it may have in the deed of trust evidencing Plaintiff's mortgage loan via a Corporate Assignment of Deed of Trust recorded against the Property on August 21, 2023.

B.    Plaintiff's RESPA claim fails because she has not plausibly alleged actual damages caused by any alleged RESPA violation.

B.    Plaintiff's FHA servicing claim fails because 24 C.F.R. § 203.604 does not give rise to a private right of action.

C.    Plaintiff's wrongful foreclosure claim fails because no foreclosure has occurred.

D.    Plaintiff's claim to quiet title must be dismissed because she has failed to tender the amounts due under the subject loan.

E.    Finally, Plaintiff's claims for declaratory and injunctive relief are remedies, not independent causes of action, and must be dismissed along with the substantive claims.

Based on the foregoing, and as explained in further detail below, Defendant respectfully requests that the Court dismiss the Complaint because it fails to state any claim upon which relief can be granted against it.

Motion to Dismiss                                                    2

## II.

## <u>RELEVANT FACTS</u>

1.      On June 7, 2022, a deed of trust was recorded against the Property in the Official Records of the Clark County Recorder's Office as document number 20220607-0001345 ("Deed of Trust").  The Deed of Trust identifies Defendant as the "beneficiary under this Security Instrument" and provides that Defendant is "acting solely as a nominee for Lender and Lender's successors and assigns."  The Deed of Trust identifies "The Federal Savings Bank" as the "Lender."  A true and correct copy of the Deed of Trust is attached hereto as Exhibit "A."[1]

2.      On August 21, 2023, a Corporate Assignment of Deed of Trust was recorded against the Property in the Official Records of the Clark County Recorder's Office as document number 20230821-0001787 ("Assignment").  The Assignment provides that Defendant grants, assigns and transfers unto Citizens Bank, N.A., all of Defendant's rights, title and interest in and to the Deed of Trust.  A true and correct copy of the Assignment is attached hereto as Exhibit "B."

## III.

## <u>LEGAL STANDARD</u>

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

---

[1] Defendant respectfully requests that the Court take judicial notice of the public records attached hereto as Exhibits pursuant to Federal Rule of Evidence 201.

considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to a presumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint fails to "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.* at 679. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

## IV.

## ARGUMENT

### A.     The Complaint Fails to State a Claim for Violation of RESPA.

RESPA places duties and restrictions on mortgage lenders, servicers, and other entities that deal with residential mortgages. Section 2605 of the statute requires lenders to respond to certain inquiries (qualified written requests) from the borrower. *See* 12 U.S.C. § 2605(e). A Qualified Written Request must (1) be a written communication, and (2) include "the name and account of the borrower," and "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(i)-(ii). "Servicing" means "receiving any scheduled periodic payments from a borrower ... and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower." *Id*. § 2605(i)(3). Questioning the validity of the loan does not meet the standard for a QWR. *Consumer Solutions REO, LLC, v. Hillery*, 658 F.Supp.2d 1002, 1014 (N.D. Cal. 2009).

To state a claim under RESPA, a plaintiff must allege both a violation under RESPA and pecuniary damages caused. *Banares v. Wells Fargo Bank, NA*, 681 Fed.Appx. 638, 641 (9th Cir. 2017). Damages "involve concrete harm caused by the RESPA violation itself, not harm generally resulting from a plaintiff's default and foreclosure process." *Tamburri v. Suntrust Mortg., Inc.*, 875 F.Supp.2d 1009, 1014

(N.D. Cal. 2012). RESPA does not provide for injunctive relief and therefore cannot be relied upon to stop a foreclosure. *Id*. at 1013.

Plaintiff's RESPA claim fails because she has not alleged that she submitted a QWR to Defendant, has not alleged that Defendant is a mortgage lender or servicer, and has not alleged any pecuniary damages caused. Rather, the Complaint alleges, in conclusory fashion, that Plaintiff suffered "financial harm, increased loan balances due to unverified charges, emotional distress, and costs incurred in attempting to obtain information and prevent foreclosure." *See* Complaint, Count I.  However, Plaintiff does not allege any specific, quantifiable financial harm flowing from the alleged QWR deficiency, and a RESPA plaintiff must plead actual damages. *See, e.g. Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012).

Because Plaintiff's allegations of RESPA damages are entirely conclusory and fail to identify any actual harm causally flowing from the alleged QWR deficiency, Plaintiff's claim for violation of RESPA fails to state a claim upon which relief can be granted against Defendant.

**B.    The Complaint Fails to State a Claim for Violation of 24 C.F.R. § 203.604 Because There Is No Private Right of Action.**

Plaintiff's second cause of action alleges that Defendants violated FHA servicing regulations, specifically 24 C.F.R. § 203.604, by failing to conduct, or make a reasonable effort to conduct, a face-to-face meeting with Plaintiff prior to initiating foreclosure.  This claim fails as a matter of law because 24 C.F.R. § 203.604 does not create a private right of action.

There is no private right of action to enforce HUD regulations.  *Weatherford v. Nevada Rural Hous. Auth.*, 946 F. Supp. 2d 1101, 1111 (D. Nev. 2013), *aff'd*, 588 F. App'x 709 (9th Cir. 2014).  *See also Umouyo v. Bank of Am., N.A.*, No. 16-cv-01576-RAJ, 2019 WL 1568423, at *6 (W.D. Wash. Apr. 11, 2019) ("Numerous courts, including this Court, have held that no private cause of action [exists] for violations of HUD regulations."); *Milano v. Richmond Hous. Auth. of Contra Costa Cnty.*, No. 16-cv-03246-JSW, 2018 WL 11472386, at *2 (N.D. Cal. Apr. 25, 2018) ("To the extent Plaintiff seeks to state a claim directly under the Section 8 regulations, her claim fails because there is no private right of action under the regulations themselves."); *Hamilton v. U.S. Bank Nat'l Ass'n*, No. 22-cv-1259-GW-KKX, 2023 WL 3559329, at *4 (C.D. Cal. Mar. 15, 2023) ("[T]here is no private cause of action for HUD violations... Thus, Defendants' alleged failure to comply with HUD regulations cannot provide a basis for Plaintiff's

causes of action."). This Court is likewise unaware of any authority creating a private right of action in the HUD regulations.

Because 24 C.F.R. § 203.604 does not provide Plaintiff with a private right of action, Plaintiff has failed to state a claim upon which relief can be granted against Defendant and must be dismissed.

**C.  The Complaint Fails to State a Claim for Wrongful Foreclosure Because No Foreclosure Has Occurred.**

"An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Under Nevada law, the tort of wrongful foreclosure requires that the power of sale must have been exercised, with a foreclosure actually occurring. *Id.* at 623.

Here, Plaintiff's Complaint makes clear that a foreclosure sale has not yet occurred. *See* Complaint, ¶ 13. Additionally, Plaintiff does not allege that Defendant even initiated foreclosure against the Property. Therefore, Plaintiff cannot establish the essential element of a completed foreclosure. Plaintiff's wrongful foreclosure claim is therefore premature and speculative, and fails to state a claim upon which relief can be granted against Defendant.

**D.  Plaintiff's Claims for Declaratory and Injunctive Relief Must Be Dismissed.**

A claim for declaratory relief is a remedy, not a cause of action. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The declaratory relief remedy derives from the substantive claims for relief. *Roberts v. McCarthy*, No. 2:11-CV-00080-KJD, 2011 WL 1363811, at *4 (D. Nev. Apr. 11, 2011).

Injunctive relief is a remedy, not an underlying substantive claim. *Tyler v. Am. Home Mortgage*, No. 3:10-cv-00042, 2011 WL 5025234 at *6 (D. Nev. Oct. 21, 2011) (citing *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007)); *see also Jensen v. Quality Loan Service Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("An injunction is a remedy, not a separate claim or cause of action.").

Plaintiff's claims for declaratory and injunctive relief fail for the reasons articulated above in

connection with her substantive claims.  Moreover, such claims are remedies rather than causes of action and must be dismissed.  Finally, MERS does not claim any interest in the Property, and, in any event, assigned whatever interest it had in the Deed of Trust to Citizens Bank, N.A. via the Assignment.

**E.   Plaintiff's Claims to Quiet Title Must Be Dismissed.**

Plaintiff seeks an order declaring that she has rightful title to the subject property. An action for quiet title is an equitable proceeding in which a party seeks to settle a dispute over ownership of property or to remove a cloud upon her title to the property. *Anderson v. Deutsche Bank National Trust Co.,* No. 2:10–cv–01443–JCM–PAL, 2010 WL 4386958, *5 (D.Nev. Oct. 29, 2010). In Nevada, a widely accepted rule in such actions is that the party must tender the undisputed amount due and owing in order to challenge the validity of a foreclosure. *Id.* In essence, she who seeks equity must do equity. *Id.* This means that Plaintiff cannot prevail on a claim for quiet title if she has defaulted on her loan. *See id.*

Here, as with the balance of her complaint, Plaintiff's allegations are imprecise and conclusory. However, to the extent that she seeks to challenge Defendant's ability to foreclose or lien against the subject property, she has failed to state a claim upon which relief can be granted because she has failed to allege that she has tendered all amounts due under the subject loan.  Finally, MERS does not claim any interest in the Property, and, in any event, assigned whatever interest it had in the Deed of Trust to Citizens Bank, N.A. via the Assignment.  Therefore, her claim to quiet title must be dismissed.

**F.   The Complaint Should Be Dismissed with Prejudice.**

"If a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied, even if prior to a responsive pleading, if amendment of the complaint would be futile."  *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988) (internal citation omitted).  Where "allegation[s] of other facts consistent with the challenged pleading could not possibly cure the deficiency then dismissal without leave to amend is proper." *Id.* (internal citation and quotations omitted).

Here, Plaintiff's RESPA claim cannot be cured by amendment because she cannot allege actual damages causally flowing from any alleged QWR deficiency rather than from her own default.  Plaintiff's FHA servicing claim cannot be cured because the absence of a private right of action under 24 C.F.R. § 203.604 is a legal deficiency that no additional facts can remedy.  Plaintiff's wrongful foreclosure claim cannot proceed until and unless a foreclosure occurs, and her claims for declaratory and injunctive relief

Motion to Dismiss                                          7

are derivative. Additionally, as explained *infra,* Plaintiff does not allege that MERS services her loan or commenced foreclosure of the Property. Rather, she has identified MERS as a defendant because it is named as the nominal beneficiary in the Deed of Trust. However, MERS assigned any interest that it had in the Deed of Trust to Citizens Bank, N.A. via the Assignment. As such, Defendant submits that amendment of the Complaint would be futile, and the claims against it should be dismissed with prejudice.

## V.

## CONCLUSION

Based upon the foregoing, Defendant MERS respectfully requests that the Court grant the Motion and dismiss the Complaint against it, with prejudice.

DATED: May 5, 2026                    Respectfully Submitted,

MALCOLM ♦ CISNEROS, A Law Corporation

By:     */s/ Nathan F. Smith*
        NATHAN F. SMITH, #12642
        *Attorney for Mortgage Electronic Registration Systems, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of May, 2026, I sent the foregoing document via First Class U.S. Mail to:

Adella L. Logan
5009 Paradise Harbor Pl.
North Las Vegas, NV 89031

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Dated: May 5, 2026                    _____
                                      Christina Valenzuela

Motion to Dismiss                           9