**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**ADELLA L. LOGAN, solely in her capacity as Trustee of the Adella L. Logan Trust dated June 8, 2020,**
Plaintiff,

v.

**CITIZENS BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"); TRUSTEE CORPS; and DOES 1–10,**
Defendants.

Case No. 2:26-cv-00887-APG-MDC

**FIRST AMENDED COMPLAINT FOR:**

**(1) BREACH OF CONTRACT;**

**(2) DECLARATORY RELIEF; AND**

**(3) INJUNCTIVE RELIEF**

Plaintiff Adella L. Logan, solely in her capacity as Trustee of the Adella L. Logan Trust dated June 8, 2020 ("Plaintiff"), alleges as follows:

**NATURE OF THE ACTION**

This action concerns whether Defendants complied with contractual conditions precedent incorporated into an FHA-insured Deed of Trust before accelerating the loan and proceeding toward foreclosure sale activity against Plaintiff's primary residence.

**I. INTRODUCTION**

1. This action seeks to prevent an unlawful foreclosure sale currently scheduled for May 15, 2026, involving the real property located at 5009 Paradise Harbor Place, North Las Vegas, Nevada 89031 ("Property").
2. Plaintiff alleges that Defendants failed to comply with mandatory contractual conditions precedent incorporated into the FHA-insured Deed of Trust before accelerating the loan and initiating foreclosure proceedings.
3. Specifically, the Deed of Trust expressly incorporates regulations issued by the Secretary of Housing and Urban Development ("HUD") limiting foreclosure rights and requiring compliance with certain servicing obligations before foreclosure may proceed.
4. Despite actively monitoring the Property, communicating regarding property access, and conducting inspection-related activity, Defendants failed to conduct, or reasonably

RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 08 2026

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

FILED          ENTERED

attempt to conduct, the face-to-face meeting required by HUD servicing regulations incorporated into the Deed of Trust.

5. Plaintiff therefore seeks declaratory and injunctive relief preventing foreclosure activity unless and until Defendants comply with the contractual conditions precedent governing the FHA-insured loan.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 because Plaintiff's claims arise in part from federally regulated FHA-insured mortgage servicing requirements incorporated into the Deed of Trust and related state law contractual and equitable claims.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Property that is the subject of this action is located within Clark County, Nevada.

## III. PARTIES

8. Plaintiff Adella L. Logan brings this action solely in her capacity as Trustee of the Adella L. Logan Trust dated June 8, 2020.

9. The Property is held by the trust pursuant to a recorded transfer instrument.

10. Defendant Citizens Bank, N.A. ("Citizens") is a banking institution engaged in mortgage servicing and foreclosure-related activity concerning the subject loan and Property.

11. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") was identified in the Deed of Trust as beneficiary and nominee for the lender and its successors and assigns.

12. Upon information and belief, Defendant Trustee Corps is the foreclosure trustee and/or entity involved in conducting the pending foreclosure sale concerning the Property.

13. Plaintiff is unaware of the true names and capacities of DOES 1–10 and therefore sues those Defendants by fictitious names.

## IV. FACTUAL ALLEGATIONS

14. On or about June 7, 2022, a Deed of Trust was recorded against the Property in Clark County, Nevada.

15. The Deed of Trust identifies the loan as an FHA-insured mortgage loan.

16. The Deed of Trust expressly incorporates HUD regulations limiting the lender's foreclosure rights.

17. Specifically, the Deed of Trust provides:

"Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclosure if not paid."

18. Plaintiff does not assert a standalone private right of action under HUD regulations themselves, but rather alleges that the Deed of Trust contractually incorporated such regulations as conditions precedent to acceleration and foreclosure.

19. The Property has remained Plaintiff's primary residence during the relevant time period.

20. Defendants were aware the Property was occupied.

21. On or about January 12, 2026, Citizens sent Plaintiff correspondence regarding "Inspection of your property" relating to the Property.

22. The correspondence stated that Citizens performed "periodic inspections" of the Property and requested property access authorization.

23. The January 12, 2026 correspondence further acknowledged that the Property was located within a gated community requiring access coordination.

24. Defendants therefore actively monitored the Property and maintained communication regarding access to the occupied residence.

25. Plaintiff is informed and believes that no in-person loss mitigation meeting, face-to-face interview, or reasonable effort to arrange such meeting occurred prior to acceleration and foreclosure activity.

26. Upon information and belief, Defendants accelerated the loan and proceeded toward foreclosure activity without satisfying the contractual conditions precedent required under the FHA-insured mortgage documents.

26A. Plaintiff has also received foreclosure-related correspondence referencing additional entities, including JPMorgan Chase, as parties with alleged interests connected to the loan and/or foreclosure process, further supporting Plaintiff's request for discovery and clarification regarding the relationships, authority, servicing responsibilities, and foreclosure-related roles of the various entities involved.

27. Mortgage statements sent by Citizens reflect various charges and advances added to the loan balance, including corporate advances, escrow advances, late fees, and foreclosure-related charges.

28. For example, a December 2025 mortgage statement reflected approximately $3,957.41 in corporate advances in addition to other charges and alleged arrearages.

29. A foreclosure sale concerning the Property is currently scheduled for May 15, 2026.

30. Plaintiff faces imminent and irreparable harm through the threatened loss of real property and primary residence if the foreclosure sale proceeds.

31. Plaintiff has no adequate remedy at law.

32. Plaintiff attaches the following exhibits in support of this First Amended Complaint and her pending request for injunctive relief:

• Exhibit A – Recorded Quitclaim Deed transferring the Property to Adella L. Logan, Trustee of the Adella L. Logan Trust dated June 8, 2020.

• Exhibit B – Deed of Trust containing HUD incorporation provisions.

• Exhibit C – January 12, 2026 Citizens inspection/access correspondence.

• Exhibit D – December 2025 mortgage statement reflecting corporate advances and related charges.

• Exhibit E – Notice of Trustee's Sale reflecting May 15, 2026 foreclosure sale date.

## V. FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

## (Against Defendants)

33. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.
34. The Deed of Trust constitutes a binding contract governing the rights and obligations of the parties.
35. The Deed of Trust expressly incorporates HUD regulations limiting foreclosure rights and acceleration remedies.
36. Nevada courts interpret deeds of trust according to ordinary contract principles. *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 258 (Nev. 2012).
37. Applicable HUD regulations required Defendants to conduct, or make reasonable efforts to conduct, a face-to-face meeting prior to foreclosure activity.
38. Defendants actively communicated concerning inspection access and monitored the occupied Property but failed to conduct, or reasonably attempt to conduct, the required face-to-face meeting.
39. Defendants nevertheless accelerated the loan and proceeded toward foreclosure activity despite failure to satisfy contractual conditions precedent.
40. Defendants' conduct constitutes a breach of the Deed of Trust.
41. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages, including threatened loss of property, foreclosure-related injury, added fees and charges, costs incurred attempting to prevent foreclosure, and other damages according to proof.

## VI. SECOND CAUSE OF ACTION

## DECLARATORY RELIEF

## (Against Defendants)

42. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.
43. An actual controversy exists between the parties regarding whether Defendants satisfied the contractual conditions precedent required before acceleration and foreclosure activity.
44. Plaintiff contends that Defendants failed to comply with HUD servicing requirements incorporated into the Deed of Trust before proceeding toward foreclosure.
45. Defendants contend otherwise.
46. Plaintiff seeks a judicial declaration regarding the parties' respective rights and obligations under the Deed of Trust and applicable incorporated HUD regulations.

## VII. THIRD CAUSE OF ACTION

## INJUNCTIVE RELIEF

**(Against Defendants)**

47. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.
48. Plaintiff faces imminent irreparable harm through the threatened foreclosure sale of the Property scheduled for May 15, 2026.
49. The loss of real property and primary residence constitutes irreparable harm for which monetary damages are inadequate.
50. Nevada recognizes that loss of real property constitutes irreparable harm. *Dixon v. Thatcher*, 742 P.2d 1029, 1030 (Nev. 1987).
51. Plaintiff is likely to succeed on the merits because the Deed of Trust expressly incorporates HUD regulations limiting foreclosure rights and requiring compliance with servicing obligations before foreclosure may proceed.
52. The balance of equities weighs heavily in Plaintiff's favor because preservation of the status quo pending adjudication imposes minimal prejudice upon Defendants while preventing irreversible loss of property to Plaintiff.
53. The public interest favors enforcement of contractual foreclosure protections and preservation of judicial review before foreclosure of an occupied residence.
54. Plaintiff therefore seeks temporary, preliminary, and permanent injunctive relief preventing Defendants, their agents, trustees, successors, and assigns from conducting, completing, transferring, or otherwise proceeding with foreclosure sale activity pending final adjudication of this matter.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. For declaratory relief as requested herein;
2. For temporary, preliminary, and permanent injunctive relief preventing foreclosure sale activity pending resolution of this action;
3. For damages according to proof;
4. For costs of suit incurred herein;
5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Adella L. Logan
ADELLA L. LOGAN, solely in her capacity as
Trustee of the Adella L. Logan Trust dated June 8, 2020

5009 Paradise Harbor Place
North Las Vegas, Nevada 89031

DATED: May 8, 2026

**Exhibit A** – Recorded Quitclaim Deed transferring the Property to Adella L. Logan, Trustee of the Adella L. Logan Trust dated June 8, 2020.

Inst #: 20241021-0000825
Fees: $42.00
RPTT: $0.00  Ex #: 007
10/21/2024 11:12:31 AM
Receipt #: 5718670
Requestor:
ADELLA LOGAN
Recorded By: ARNVI   Pgs: 4
**Debbie Conway**
CLARK COUNTY RECORDER
Src: FRONT COUNTER
Ofc: MAIN OFFICE

APN: 124-32-713-040

Recording requested by and mail documents and tax statements to:

Name: Adella L. Logan

Address: 5009 Paradise Harbor Pl

City/State/Zip: North Las Vegas, Nevada 89031

DED104
Nevada Legal Forms &Tax Services, Inc.
www.nevadalegalforms.com

RPTT: 7

# QUITCLAIM DEED

THIS INDENTURE WITNESS That the GRANTOR(S): _Adella L. Logan, an unmarried woman for and in consideration of Zero Dollars ($ -0-) do hereby QUITCLAIM the right, title and interest, if any, which GRANTOR may have in all that real property, the receipt of which is hereby acknowledged, to the GRANTEE(S): Adella L. Logan, Trustee of the Adella L Logan Trust dated June 8, 2020, all that real property situated in the City of North Las Vegas, County of Clark, State of Nevada, bounded and described as follows: (Set forth legal description and commonly known address)

5009 Paradise Harbor Place, North Las Vegas, Nevada 89031

## LEGAL DESCRIPTION:

SEE EXHIBIT A – ATTACHED HERETO AND MADE A PART HEREOF BY THIS REFERENCE FOR LEGAL DESCRIPTION.

Quitclaim Deed

Page 1 of 2

Together with all and singular hereditament and appurtenances thereunto belonging or in any way appertaining to.

In Witness Whereof, I/We have hereunto set my hand/our hands on _21st_ day of _October_, 20 _24_.



_____
Signature of Grantor

_____
Signature of Grantor

_Adella L. Logan_
Print or Type Name Here

_____
Print or Type Name Here

STATE OF NEVADA

COUNTY OF CLARK

On this _21st_ day of _October_____, 20 _24_, personally appeared before me, a Notary Public,

___Adella L Logan_____, ☒ personally known to me OR ☐ proved to me on the basis of satisfactory evidence to be the person(s) described in and who executed the foregoing instrument in the capacity set forth therein, who acknowledged to me that they executed the same freely and voluntarily and for the uses and purposes therein mentioned.  Witness my hand and official seal.

_____
Notary Public
My commission expires: _01/22/2025_
Consult an attorney if you doubt this forms fitness for your purpose.

> LINDA C. HOWARD
> NOTARY PUBLIC
> STATE OF NEVADA
> MY COMMISSION EXPIRES: 01-22-2025
> CERTIFICATE NO: 09-11578-1

Quitclaim Deed

Page 2 of 2

## EXHIBIT "A"
## Legal Description

PARCEL ONE (1):

LOT NINETY-ONE (91) IN BLOCK THREE (3) OF TIERRA DE LAS PALMAS VILLAGE 2-UNIT 2, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 84 OF PLATS, PAGE 89, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

PARCEL TWO (2):

A NON-EXCLUSIVE EASEMENT FOR ACCESS, INGRESS AND EGRESS OVER THE ASSOCIATION PROPERTY SUBJECT TO THE CONDITIONS SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR THE PELICAN CREEK, RECORDED JULY 21, 1997 IN BOOK 970702 AS DOCUMENT NO. 01370 AS THE SAME MAY FROM TIME TO TIME BE AMENDED AND/OR SUPPLEMENTED IN THE OFFICE OF THE COUNTY RECORDED OF CLARK COUNTY, NEVADA WHICH EASEMENT IS APPURTENANT TO PARCEL ONE (1).

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1. Assessor Parcel Number(s)
   a. 124-32-713-040
   b.
   c.
   d.

2. Type of Property:
   a. ☐ Vacant Land          b. ☑ Single Fam. Res.
   c. ☐ Condo/Twnhse     d. ☐ 2-4 Plex
   e. ☐ Apt. Bldg             f. ☐ Comm'l/Ind'l
   g. ☐ Agricultural         h. ☐ Mobile Home
   ☐ Other

| FOR RECORDERS OPTIONAL USE ONLY |
|---|
| Book_____ Page:_____ |
| Date of Recording: _____ |
| Notes: |

3.a. Total Value/Sales Price of Property          $    0.00
  b. Deed in Lieu of Foreclosure Only (value of property (     0.00          )
  c. Transfer Tax Value:          $    0.00
  d. Real Property Transfer Tax Due          $    0.00

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section  7
   b. Explain Reason for Exemption:  Transfer without consideration to/from a Trust

5. Partial Interest: Percentage being transferred: 100 %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _Adella L Logan_     Capacity: _Grantor_

Signature _____     Capacity: _____

**SELLER (GRANTOR) INFORMATION**
**(REQUIRED)**
Print Name: Adella L. Logan
Address: 5009 Paradise Harbor Place
City: North Las Vegas
State: Nevada          Zip: 89031

**BUYER (GRANTEE) INFORMATION**
**(REQUIRED)**
Print Name: The Adella L. Logan Trust
Address: 5009 Paradise Harbor Place
City: North Las Vegas
State: Nevada          Zip: 89031

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**
Print Name: _____          Escrow # _____
Address: _____
City: _____          State: _____ Zip: _____

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

Inst #: 20200615-0000723
Fees: $42.00
RPTT: $0.00  Ex #: 007
06/15/2020 08:04:58 AM
Receipt #: 4102423
Requestor:
NEVADA LEGAL FORMS INC
Recorded By: OSA   Pgs: 4
DEBBIE CONWAY
CLARK COUNTY RECORDER
Src: ERECORD
Ofc: ERECORD

APN: 124-32-713-040

Recording requested by and mail documents and tax statements to:

Name: The Adella L. Logan Trust

Address: 5009 Paradise Harbor Place

City/State/Zip: N. Las Vegas, Nevada 89031

DED104
Nevada Legal Forms, Inc. (702) 870-8977
www.nevadalegalforms.com

RPTT:    7

# QUITCLAIM DEED

THIS INDENTURE WITNESS that the GRANTOR(S):

ADELLA L. LOGAN, an Unmarried Woman

for and in consideration of            ZERO            , Dollars ($    0.00    ) do hereby QUITCLAIM the right, title and interest, if any, which GRANTOR may have in all that real property, the receipt of which is hereby acknowledged, to the GRANTEE(S):

ADELLA L. LOGAN, Trustee of the ADELLA L. LOGAN TRUST,
dated June 8, 2020

all that real property situated in the City of  North Las Vegas  , County of    Clark    , State of Nevada, bounded and described as follows:
*(Set forth legal description and commonly known address)*
**COMMONLY KNOWN ADDRESS:**

5009 Paradise Harbor Place, North Las Vegas, Nevada 89031

Page -1-

**LEGAL DESCRIPTION:**

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF BY THIS REFERENCE FOR LEGAL DESCRIPTION.

Together with all and singular hereditament and appurtenances thereunto belonging or in any way appertaining to.

In Witness Whereof, I/We have hereunto set my hand/our hands on __8th__ day of ___June___, 20 20 .

_____
Signature of Grantor

ADELLA L. LOGAN
_____
Print or Type Name Here
Registrant: Megan Guidry
Registrant registration number: NVDP2015521597
3901 West Charleston Boulevard, Las Vegas, NV 89102, (702) 870-8977

| STATE OF NEVADA | ) |
| COUNTY OF CLARK | ) |

On this __8th__ day of _____June_____, 2020, personally appeared before me, a Notary Public, _____ADELLA L. LOGAN_____,
□ personally known to me OR ☑ proved to me on the basis of satisfactory evidence to be the person(s) described in and who executed the foregoing instrument in the capacity set forth therein, who acknowledged to me that they executed the same freely and voluntarily and for the uses and purposes therein mentioned. Witness my hand and official seal.

_____
Notary Public
My Commission Expires: August 2, 2022

MEGAN GUIDRY
Notary Public, State of Nevada
No. 10-2664-1
My Appt. Exp. Aug.-2,.2022

Consult an attorney if you doubt this forms fitness for your purpose.

Page -2-

**EXHIBIT "A"**
**Legal Description**

PARCEL ONE (1):

LOT NINETY-ONE (91) IN BLOCK THREE (3) OF TIERRA DE LAS PALMAS VILLAGE 2-UNIT 2, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 84 OF PLATS, PAGE 89, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

PARCEL TWO (2):

A NON-EXCLUSIVE EASEMENT FOR ACCESS, INGRESS AND EGRESS OVER THE ASSOCIATION PROPERTY SUBJECT TO THE CONDITIONS SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR PELICAN CREEK, RECORDED JULY 21, 1997 IN BOOK 970702 AS DOCUMENT NO. 01370 AS THE SAME MAY FROM TIME TO TIME BE AMENDED AND/OR SUPPLEMENTED IN THE OFFICE OF THE COUNTY RECORDED OF CLARK COUNTY, NEVADA WHICH EASEMENT IS APPURTENANT TO PARCEL ONE (1).

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**

1. Assessor Parcel Number(s)
   a. 124-32-713-040
   b. _____
   c. _____
   d. _____

2. Type of Property:

   | | | |
   |---|---|---|
   | a. ☐ Vacant Land | b. ☑ Single Fam. Res. | |
   | c. ☐ Condo/Twnhse | d. ☐ 2-4 Plex | |
   | e. ☐ Apt. Bldg | f. ☐ Comm'l/Ind'l | |
   | g. ☐ Agricultural | h. ☐ Mobile Home | |
   | ☐ Other _____ | | |

   FOR RECORDER'S OPTIONAL USE ONLY
   Book:_____ Page:_____
   Date of Recording:_____
   Notes:_____

3. a. Total Value/Sales Price of Property          $ 0.00
   b. Deed in Lieu of Foreclosure Only (value of property) ( 0.00 )
   c. Transfer Tax Value:                            $ . 0.00
   d. Real Property Transfer Tax Due                 $ 0.00

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375:090, Section. 7
   b. Explain Reason for Exemption: Transfer without consideration to/from a Trust.
      _____

5. Partial Interest: Percentage being transferred: 100. %

   The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

   Signature _Adella L. Logan_          Capacity _Grantor_

   Signature _____          Capacity _Grantee_

   | **SELLER (GRANTOR) INFORMATION** **(REQUIRED)** | **BUYER (GRANTEE) INFORMATION** **(REQUIRED)** |
   |---|---|
   | Print Name: Adella L. Logan | Print Name: The Adella L. Logan Trust* |
   | Address: 5009 Paradise Harbor Place | Address: 5009 Paradise Harbor Place |
   | City: North Las Vegas | City: North Las Vegas |
   | State: Nevada      Zip: 89031 | State: Nevada      Zip: 89031 |

   **COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**

   | | |
   |---|---|
   | Print Name: Nevada Legal Forms, Inc. | Escrow #: _____ |
   | Address: 3901 W. Charleston Blvd. | |
   | City: Las Vegas | State: Nevada      Zip: 89102 |

   *dated June 8, 2020, Adella L. Logan, Trustee

   AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

**Exhibit B** – Deed of Trust containing HUD incorporation provisions.

When recorded, return to:
The Federal Savings Bank
Attn: Final Document Department
4120 W. Diversey Avenue, Suite C501
Chicago, IL 60639

MAIL TAX STATEMENT TO:   The Federal Savings Bank
4120 W. Diversey Avenue, Suite C501, Chicago, IL 60639

APN #:  124-32-713-040

Title Order No.:  22152459
Escrow No.:
LOAN #:

—————————————————— [Space Above This Line For Recording Data] ——————————————————

FHA Case No.
332-7505908-703

**DEED OF TRUST**  MIN:

**MERS PHONE #: 1-888-679-6377**

DEFINITIONS
Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 10, 12, 17, 19 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 15.
**(A) "Security Instrument"** means this document, which is dated   **May 25, 2022,**                 together with all Riders to this document.
**(B) "Borrower"** is **ADELLA L LOGAN, AN UNMARRIED WOMAN.**

Borrower is the trustor under this Security Instrument.

NEVADA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3029 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)
ICE Mortgage Technology, Inc.                   Page 1 of 15                    NVEFHA15DL  0721
                                                                               NVEDEDL (CLS)

**LOAN #:** █████████

**(C) "Lender"** is **The Federal Savings Bank.**

Lender is **a Federal Savings Bank,**                                    organized and existing
under the laws of **Kansas.**
Lender's address is **4120 W. Diversey Avenue, Suite C501, Chicago, IL 60639.**

**(D) "Trustee"** is **Khechok Langchung / Assistant Controller, A Federal Savings Bank, The Federal Savings Bank/4120 W Diversey Avenue, Suite C501, Chicago, IL 60639.**

**(E) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**(F) "Note"** means the promissory note signed by Borrower and dated **May 25, 2022.**                The Note states that Borrower owes Lender **THREE HUNDRED THIRTY FOUR THOUSAND FIVE HUNDRED FIFTY FOUR AND NO/100**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* Dollars (U.S. **$334,554.00**          ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **June 1, 2052.**

**(G) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

**(H) "Loan"** means the debt evidenced by the Note, plus interest, late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(I) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider    ☐ Condominium Rider    ☒ Planned Unit Development Rider
☐ Other(s) [specify]

**(J) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(K) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(L) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(M) "Escrow Items"** means those items that are described in Section 3.

**(N) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of

NEVADA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3029 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)
ICE Mortgage Technology, Inc.                    Page 2 of 15                    NVEFHA15DL  0721
                                                                                NVEDEDL (CLS)

**LOAN #:** ▆▆▆▆▆▆▆▆▆

had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. However, Lender is not required to reinstate if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceedings; (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 17.

**19. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

**20. Borrower Not Third-Party Beneficiary to Contract of Insurance.** Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower acknowledges and agrees that the Borrower is not a third party beneficiary to the contract of insurance between the Secretary and Lender, nor is Borrower entitled to enforce any agreement between Lender and the Secretary, unless explicitly authorized to do so by Applicable Law.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property

NEVADA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3029 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)
ICE Mortgage Technology, Inc.                    Page 11 of 15                    NVEFHA15DL  0721
                                                                                 NVEDEDL (CLS)

LOAN #: ███████

of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

**22. Grounds for Acceleration of Debt.**

**(a) Default.** Lender may, (except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

    (i)   Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

    (ii)  Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

**(b) Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

    (i)   All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

    (ii)  The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e) Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**23. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the

NEVADA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3029 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)
ICE Mortgage Technology, Inc.             Page 12 of 15               NVEFHA15DL  0721
                                                                              NVEDEDL (CLS)

**LOAN #:** ███████

foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Section 24 or applicable law.

**25. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law.

**26. Substitute Trustee.** Lender at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

**27. Assumption Fee.** If there is an assumption of this loan, Lender may charge an assumption fee of U.S.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.



_____     _____
**ADELLA L LOGAN**                                          5/25/2022 (Seal)
                                                                            **DATE**

**State of NEVADA**
**County of CLARK**

This instrument was acknowledged before me on **MAY 25, 2022** (date) by **ADELLA L LOGAN** (name(s) of person(s)).

(Seal, if any)

MONIKA CASTRONOVA
Notary Public-State of Nevada
Appointment No. 21-4927-01
My Appointment Expires 04-13-2025

(Signature of notarial officer)

Title (and rank): _Notary Public_

---

NEVADA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3029 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)
ICE Mortgage Technology, Inc.                    Page 14 of 15                    NVEFHA15DL  0721
                                                                                                                NVEDEDL (CLS)

**Exhibit C** – January 12, 2026 Citizens inspection/access correspondence.



VAM430
10561 Telegraph Road
Glen Allen, VA 23059

## Property Management Contact Information and Property Access Authorization Form

Name: _____

Address ("The Property"): 5009 Paradise Harbor Pl
North Las Vegas NV 89031

Last 4 digits of Loan Number: _____

I hereby grant Citizens, its employees and agents (collectively, Citizens):

* Access to the Property for the purposes of performing periodic property inspections.
* Authority to contact the Property Management Company to arrange for such access.

I hereby authorize the Property Management Company, its employees and agents (collectively, the "PMC") listed below, to communicate with Citizens to arrange for access to the Property for the purpose stated above.

Property Management Company (PMC): _____

PMC Address: _____

_____

PMC Telephone: _____

PMC Fax: _____

PMC Email: _____

Special Instructions: _____

Signature: _____





VAM430
10561 Telegraph Road
Glen Allen, VA 23059

## Important Disclosures

### Address for Certain Loan Requests and Notifications
The address below must be used to notify us of a possible error, request information, dispute credit reporting or opt out of bankruptcy statements, and can be used to file a complaint:

Citizens
Attn: Customer Service
P.O. Box 6260
Glen Allen, VA 23058-6260

### HUD Resources
The Department of Housing and Urban Development (HUD) offers homeownership counseling at no charge. To locate counseling agencies or programs in your area, call 800-569-4287. TDD 800-877-8339 or visit www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

### Important Information Regarding Scams
Your mortgage servicer or qualified counselor should never charge a fee for assistance or information about foreclosure prevention options. Be wary of companies or individuals charging a fee for assistance and never send your mortgage payment to any company other than the one listed on your mortgage statement or the state assistance program designated to receive your payments. If you believe that you are a victim of a scam and would like to file a report, please call 888-995-HOPE (4673) or visit 995hope.org/homeowners-renters/foreclosure-prevention-scams.

### Important Notice to Servicemembers and their Dependents
If you are a servicemember who is, or recently was, on "active duty" or "active service", or a dependent of such a servicemember, you may be entitled to certain legal rights and protections, including protection from foreclosure or eviction, pursuant to the Servicemembers Civil Relief Act, as amended (the SCRA) and possibly, certain similar state statutes. If you believe you may be entitled to rights and protections under SCRA, please contact us at:

Office of the Customer
Military Assistance Team
One Citizens Bank Way          JCA150
Johnston RI 02919
Phone: 800-234-6002

### Important Servicer Notices
We may report information about your account to credit bureaus, including late or missed payments or other defaults.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

### Important Bankruptcy Information
If you are subject to a pending bankruptcy proceeding, or if you have received a discharge, this communication is for information purposes only. It is to advise you of the status of the loan and is not an attempt to collect a debt.

Mortgages and home equity loans are offered and originated by Citizens Bank, N.A. Citizens is a brand name of Citizens Bank, N.A. (NMLS IDs 433960). All loans are subject to approval. ⌂ Equal Housing Lender.

**Citizens**

VAM430
10561 Telegraph Road
Glen Allen, VA 23059

January 12, 2026

Adella L Logan                                    Loan Number: 8107239132
5009 Paradise Harbor Pl
North Las Vegas, NV 89031

Re: **Inspection of your property**
    Property Address: 5009 Paradise Harbor Pl
                      North Las Vegas NV 89031

Dear Adella L Logan,

As the servicer of your home loan, we perform periodic inspections of your property.

Our records show that your property is in a gated community or secured access building and access needs to be granted by you so we can perform the inspection.

**What you need to do**
Please complete and return the enclosed Property Management Contact Information and Property Access Authorization form by January 27, 2026 using the enclosed envelope.

After we receive the signed form, we'll communicate with the Property Management Company to arrange for access to your property to complete the inspection.

NOTE: As a reminder, you're responsible for maintaining your property according to your loan agreement.

If you have any questions, call Property Preservation at 866-999-0014, Monday through Friday from 8 am to 5 pm ET. If you have a hearing or speech impairment, you can reach the relay service at 800-654-5988.

Sincerely,

Citizens

XC300/LFB/07-25



**Exhibit D** – December 2025 mortgage statement reflecting corporate advances and related charges.

# Citizens

**Mortgage Account Statement**

Statement Date: 12/10/25 | Loan Number: 810723913

citizensbank.com | 800-234-6002

Page 1 of

## Account Information

| | |
|---|---|
| Outstanding Principal | $322,116.48 |
| Corporate Advance | $3,957.41 |
| Escrow Balance | -$4,881.91 |
| Last Escrow Analysis Date | 8/20/25 |
| Interest Rate | 4.750% |
| Maturity Date | 8/52 |
| Prepayment Penalty | No |

The Outstanding Principal above is not the total amount required to pay your loan in full.

**Total Amount Due on 12/10/25:** $34,575.87

If payment is received after 9 pm ET on January 16, 2026, a $60.81 late fee will be charged.

Property Address: 5009 PARADISE HARBOR PL
NORTH LAS VEGAS, NV 89031

## Past Payment Breakdown

| | Paid Since Last Statement | Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Total Received | $0.00 | $0.00 |

## Explanation of Amount Due

| | |
|---|---|
| Total Fees and Charges | $379.05 |
| Late Fees | $349.05 |
| Other Fees and Charges | $30.00 |
| Corporate Advance | $3,957.41 |
| Past Due Payment(s) | $30,239.41 |
| Total Amount Due as of December 10, 2025 | $34,575.87 |
| Accelerated Amount as of April 22, 2026 | $336,903.90 |

Your loan has been accelerated due to: Failure to make payments.

The Accelerated Amount is the full amount of the loan inclusive of outstanding interest, fees, and costs owed as of the date identified above. The Accelerated Amount does not include any amount(s) incurred after that date, and is not a payoff amount.

If you have a foreclosure sale scheduled, you should contact the foreclosure attorney assigned to your loan to arrange payment to reinstate prior to the sale date.

**CERTIFIED FUNDS WILL BE REQUIRED.**

## Important Messages

The Total Amount Due does not include any amount(s) incurred after December 10, 2025. Additionally, the Total Amount Due does not include your next payment due January 1, 2026, of $2,160.50. To obtain an Amount Due after December 10, 2025, please call 800-234-6002.

Mortgage Servicing Fees: It's important to understand when fees can be charged and if possible, ways to avoid them. Fees may apply based on various servicing transactions and requests. For more information, go to citizensbank.com/mortgageservicingfees.

## Transaction Activity Since Your Last Statement

| Date | Description | Principal | Interest | Escrow | Fees/Other | Total |
|---|---|---|---|---|---|---|
| 12/4/25 | Mortgage Insurance Disbursement | | | $206.78 | | $206.78 |
| 12/4/25 | Escrow Advance | | | $206.78 | | $206.78 |
| 12/8/25 | County Tax Payment | | | $433.92 | | $433.92 |
| 12/8/25 | Escrow Advance | | | $433.92 | | $433.92 |

**Exhibit E** – Notice of Trustee's Sale reflecting May 15, 2026 foreclosure sale date.

Inst #: 20250421-0000057
Fees: $292.00
04/21/2025 07:03:07 AM
Receipt #: 5871565
Requestor:
First American Title Insu
Recorded By: DECHO   Pgs: 6
**Debbie Conway**
CLARK COUNTY RECORDER
Src: ERECORD
Ofc: ERECORD

APN 124-32-713-040

RECORDING REQUESTED BY:

First American Title Company

WHEN RECORDED MAIL TO:

MTC Financial Inc. dba Trustee Corps
3571 Red Rock St., Ste B
Las Vegas, NV 89103

TS No. NV07000042-25-1                                          TO No. 92244412
Commonly known as: 5009 PARADISE HARBOR PL, NORTH LAS VEGAS, NV 89031-0986

It is hereby affirmed that this document submitted for recording does not contain the social security number of any person or persons. NRS 239B.030.

## NOTICE OF BREACH AND DEFAULT AND OF ELECTION TO CAUSE SALE OF REAL PROPERTY UNDER DEED OF TRUST

NOTICE IS HEREBY GIVEN THAT: **MTC Financial Inc. dba Trustee Corps** is either the original Trustee, the duly appointed substituted Trustee, or acting as agent for the Trustee or Beneficiary under a Deed of Trust dated as of May 25, 2022, executed by ADELLA L LOGAN, AN UNMARRIED WOMAN, as Trustor, to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary, as nominee for THE FEDERAL SAVINGS BANK as original Beneficiary, recorded June 7, 2022 as Instrument No. 20220607-0001345 of official records in the Office of the County Recorder of Clark County, Nevada; and that

The Deed of Trust secures the payment of and the performance of certain obligations, including, but not limited to, the obligations set forth in that certain Promissory Note with a face amount of $334,554.00 (together with any modifications thereto the "Note"); and that

A breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the Trustor has failed to perform obligations pursuant to or under the Note and/or Deed of Trust, specifically: Failed to pay payments which became due November 1, 2024 AND ALL SUBSEQUENT INSTALLMENTS, ALONG WITH LATE CHARGES, PLUS FORECLOSURE COSTS AND LEGAL FEES.  PLUS ALL OF THE TERMS AND CONDITIONS AS PER THE DEED OF TRUST, PROMISSORY NOTE AND RELATED LOAN DOCUMENTS.

That by reason thereof the present Beneficiary under such Deed of Trust has deposited with said duly appointed Trustee such Deed of Trust and all documents evidencing obligations secured thereby and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

APN 124-32-713-040

RECORDING REQUESTED BY:

First American Title Company

WHEN RECORDED MAIL TO:

MTC Financial Inc. dba Trustee Corps
3571 Red Rock St. Ste.B
Las Vegas, NV 89103

Inst #: 20260316-0001404
Fees: $42.00
03/16/2026 02:51:26 PM
Receipt #: 6152073
Requestor:
First American Title Insu
Recorded By: SCHIABLE   Pgs: 3

**Debbie Conway**
**CLARK COUNTY RECORDER**
Src: ERECORD
Ofc: ERECORD

TS No: NV07000042-25-1

TO No: 92244412

## NOTICE OF TRUSTEE'S SALE
## IMPORTANT NOTICE TO PROPERTY OWNER

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST AND SECURITY AGREEMENT DATED May 25, 2022. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On **May 15, 2026**, at **10:00 AM**, **MTC Financial Inc. dba Trustee Corps**, as duly appointed Trustee **WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH Nevada Legal News, 930 S. 4th Street, Las Vegas, NV 89101**, all right, title and interest conveyed to and now held by it under and pursuant to Deed of Trust recorded on June 7, 2022, as Instrument No. 20220607-0001345, of the official records in the Office of the Recorder of Clark County, Nevada, executed by ADELLA L LOGAN, AN UNMARRIED WOMAN as Trustor, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary, as nominee for THE FEDERAL SAVINGS BANK as Beneficiary, all that certain property situated in said County and State, and more commonly described as: **SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF**

The property heretofore described is being sold "as is". The street address and other common designation, if any, of the real property described above is purported to be: **5009 PARADISE HARBOR PL, NORTH LAS VEGAS, NV 89031-0986**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty expressed or implied, regarding title, possession or encumbrances, to pay the remaining unpaid principal balance of **$322,116.48**, the obligations secured by the property to be sold and reasonably estimated costs, expenses and advances as of the first publication date of this Notice of Trustee's Sale. Accrued interest and additional advances, if any, will increase the figure prior to sale. The property offered for sale excludes all funds held on account by the property receiver, if applicable.

**CERTIFICATE OF SERVICE**

I, Adella L. Logan, hereby certify that on this 8th day of May, 2026, I caused a true and correct copy of the:

FIRST AMENDED COMPLAINT FOR:
(1) BREACH OF CONTRACT;
(2) DECLARATORY RELIEF; AND
(3) INJUNCTIVE RELIEF

to be served upon all parties required to be served pursuant to Rule 5 of the Federal Rules of Civil Procedure, by the methods indicated below.

Citizens Bank, N.A.
c/o Legal Department
One Citizens Bank Way
Johnston, RI 02919

Mortgage Electronic Registration Systems, Inc. (MERS)
c/o CT Corporation System
4701 Cox Road, Suite 285
Glen Allen, VA 23060

Nathan F. Smith, Esq.
MALCOLM ♦ CISNEROS, A Law Corporation
7473 W. Lake Mead Blvd., Suite 100
Las Vegas, NV 89128
nathan@mclaw.org

Trustee Corps, LLC
3571 Red Rock Street, Suite B
Las Vegas, NV 89103

documents@trusteecorps.com

METHOD OF SERVICE

☒ United States Mail, First Class, Postage Prepaid
☒ Electronic Mail (where applicable)

DATED: May 8, 2026

/s/ Adella L. Logan
Adella L. Logan
Plaintiff, Pro Se