

_____ ✓ FILED        _____ RECEIVED
_____ ENTERED        _____ SERVED ON
              COUNSEL/PARTIES OF RECORD

          JUN 0 5 2026

     CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY: _____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**ADELLA L. LOGAN, solely in her capacity as Trustee of the Adella L. Logan Trust dated June 8, 2020,**
Plaintiff,

v.

**CITIZENS BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"); TRUSTEE CORPS; and DOES 1–10,**
Defendants.

Case No. 2:26-cv-00887-APG-MDC

**PLAINTIFF'S OPPOSITION TO DEFENDANTS CITIZENS BANK, N.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

ADELLA L. LOGAN, solely in her capacity as Trustee of the Adella L. Logan Trust dated June 8, 2020 ("Plaintiff"), hereby submits this Opposition to Defendants Citizens Bank, N.A. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss First Amended Complaint (ECF No. 32), and states as follows:

Plaintiff respectfully requests that the Court deny Defendants' Motion in its entirety. The First Amended Complaint adequately alleges the existence of an FHA-insured mortgage loan, contractual incorporation of HUD servicing requirements, Defendants' knowledge that the Property was occupied, Defendants' inspection and access-related activities concerning the Property, Defendants' failure to conduct or reasonably attempt the face-to-face meeting required before foreclosure activity, and Defendants' subsequent acceleration and foreclosure-related conduct.

At a minimum, Defendants have failed to demonstrate that dismissal with prejudice is warranted under Rule 12(b)(6), Rule 15, or controlling Supreme Court and Ninth Circuit authority. Accordingly, the Motion should be denied.

**I. INTRODUCTION**

Defendants Citizens Bank, N.A. ("Citizens") and Mortgage Electronic Registration Systems, Inc. ("MERS") seek dismissal of Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6), contending that Plaintiff has failed to state a claim for relief. The Motion should be denied.

At its core, this case presents a straightforward question: whether Defendants complied with contractual conditions precedent incorporated into an FHA-insured Deed of Trust before accelerating the loan and proceeding toward foreclosure of Plaintiff's primary residence. Plaintiff's First Amended Complaint alleges that Defendants failed to satisfy those contractual

prerequisites despite possessing actual knowledge that the Property was occupied, despite actively monitoring the Property, and despite communicating regarding property access. Plaintiff further alleges that Defendants nevertheless accelerated the loan and pursued foreclosure activity without first complying with the servicing requirements incorporated into the governing mortgage documents.

Defendants do not contend that they conducted the required face-to-face meeting. Defendants do not contend that they made reasonable efforts to arrange such a meeting. Defendants do not contend that any applicable exception excused compliance. Instead, Defendants ask this Court to terminate the action at the pleading stage based upon alleged deficiencies in the manner Plaintiff articulated her claims.

That is not the standard under Rule 12(b)(6).

The Supreme Court has repeatedly instructed that a complaint need only contain sufficient factual matter to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). At this stage of the proceedings, all well-pleaded factual allegations must be accepted as true and construed in the light most favorable to the non-moving party. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The First Amended Complaint satisfies that standard. Plaintiff alleges:

(a) the loan is FHA-insured;

(b) the Deed of Trust expressly incorporates HUD regulations limiting foreclosure rights;

(c) the Property remained occupied as Plaintiff's primary residence;

(d) Citizens conducted inspections and communicated regarding access to the Property;

(e) Defendants failed to conduct, or reasonably attempt to conduct, the face-to-face meeting required before foreclosure activity; and

(f) Defendants nevertheless accelerated the loan and pursued foreclosure activity.

These allegations are more than sufficient to state a plausible claim for breach of contract and to support the requested declaratory and injunctive relief.

Moreover, Defendants' request for dismissal with prejudice is particularly improper. Discovery has not commenced. No Answer has been filed. No evidentiary record has been developed. Plaintiff amended her pleading in response to the Court's prior order and now proceeds solely in her representative capacity as Trustee of the Adella L. Logan Trust dated June 8, 2020. The Federal Rules embody a strong policy favoring resolution of disputes on their merits and permitting amendment where justice so requires. Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962).

Accordingly, because the First Amended Complaint plausibly alleges facts supporting each element of Plaintiff's claims, and because further amendment would not be futile in any event, Defendants' Motion to Dismiss should be denied in its entirety.

## II. LEGAL STANDARD

A motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests only the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The Court's inquiry at this stage is not whether Plaintiff will ultimately prevail on the merits, but whether Plaintiff has alleged sufficient facts to state a claim that is plausible on its face.

Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has repeatedly emphasized that the Federal Rules do not require detailed factual pleading. Twombly, 550 U.S. at 555. Rather, a complaint need only contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence supporting the claim. Id. at 556.

In evaluating a Rule 12(b)(6) motion, courts must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).

The Supreme Court explained in Ashcroft v. Iqbal that a claim is facially plausible when the pleaded factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. 556 U.S. 662, 678 (2009). Plausibility does not require probability. Twombly, 550 U.S. at 556. Nor does Rule 8 require a plaintiff to prove her case within the complaint itself. Starr v. Baca, 652 F.3d 1202, 1216–17 (9th Cir. 2011).

Importantly, a Rule 12(b)(6) motion is not a procedure for resolving factual disputes, weighing evidence, determining credibility, or adjudicating the ultimate merits of the controversy. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Those issues are reserved for later stages of litigation after the parties have had an opportunity to conduct discovery.

The Ninth Circuit has further instructed that dismissal is improper where a complaint provides sufficient factual allegations to place defendants on notice of the nature of the claims and the grounds upon which they rest. Starr, 652 F.3d at 1216. Courts must draw upon their judicial experience and common sense and determine whether the complaint plausibly suggests entitlement to relief. Iqbal, 556 U.S. at 679.

Moreover, leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). The Supreme Court has held that denial of leave to amend is appropriate only in limited circumstances such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit applies this policy with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051–52 (9th Cir. 2003).

Accordingly, the question presently before the Court is not whether Plaintiff has proven her claims. The question is whether the First Amended Complaint contains sufficient factual allegations to plausibly support relief if those allegations are accepted as true. Because it does, dismissal under Rule 12(b)(6) is improper.

## III. DEFENDANTS MISCHARACTERIZE THE FIRST AMENDED COMPLAINT

Defendants' Motion repeatedly asserts that Plaintiff failed to identify the contract at issue, failed to identify the source of the obligations allegedly breached, failed to allege occupancy of the Property, failed to allege facts supporting compliance obligations, and failed to identify the conduct giving rise to the breach. The First Amended Complaint, however, expressly alleges each of those facts.

First, Defendants argue that Plaintiff fails to identify the contract upon which her claim is based. That assertion is incorrect. The First Amended Complaint specifically identifies the FHA-insured Deed of Trust recorded against the Property and alleges that the Deed of Trust constitutes a binding contract governing the rights and obligations of the parties. FAC ¶¶ 14–18, 34. Plaintiff further attached the Deed of Trust as an exhibit to the First Amended Complaint. Defendants therefore cannot plausibly claim that they lack notice of the contract at issue.

Second, Defendants contend that Plaintiff failed to identify any contractual provision allegedly breached. Again, the First Amended Complaint expressly quotes the relevant contractual language:

"Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclosure if not paid."

FAC ¶ 17.

The Complaint further alleges that the foregoing provision contractually incorporates HUD servicing regulations as conditions precedent to acceleration and foreclosure. FAC ¶¶ 18, 35. Whether Defendants ultimately agree with Plaintiff's interpretation is a merits issue not properly resolved on a Rule 12(b)(6) motion.

Third, Defendants suggest that Plaintiff merely recites legal conclusions without supporting facts. The First Amended Complaint does far more.

Plaintiff specifically alleges:

• The loan is FHA-insured. FAC ¶ 15.

• The Property remained Plaintiff's primary residence during the relevant period. FAC ¶ 19.

• Defendants were aware the Property was occupied. FAC ¶ 20.

• Citizens sent correspondence dated January 12, 2026 concerning inspections of the Property. FAC ¶ 21.

• Citizens acknowledged that the Property was located within a gated community requiring access coordination. FAC ¶ 23.

• Defendants actively monitored the Property and communicated regarding access. FAC ¶ 24.

• No face-to-face interview, in-person loss mitigation meeting, or reasonable effort to arrange such a meeting occurred prior to acceleration and foreclosure activity. FAC ¶ 25.

• Defendants nevertheless accelerated the loan and proceeded toward foreclosure activity. FAC ¶ 26.

These are factual allegations, not legal conclusions.

Under Rule 12(b)(6), the Court must accept these allegations as true. Iqbal, 556 U.S. at 678; Erickson, 551 U.S. at 94. If accepted as true, these allegations plausibly support Plaintiff's contention that Defendants possessed knowledge of occupancy, maintained access to the Property, communicated regarding inspections, and nevertheless failed to satisfy contractual conditions precedent before pursuing foreclosure activity.

Fourth, Defendants repeatedly characterize Plaintiff's claims as speculative. Yet the First Amended Complaint identifies specific communications, specific conduct, specific contractual language, specific foreclosure activity, and a specific foreclosure sale date. FAC ¶¶ 21–30. The allegations are concrete, detailed, and tied to identified documents attached as exhibits.

The Court's task at this stage is not to determine whether Plaintiff will ultimately prevail. It is to determine whether the Complaint plausibly alleges entitlement to relief. Because the First Amended Complaint provides substantially more than mere labels, conclusions, or formulaic recitations, Defendants' characterization of the pleading is inaccurate and their Motion should be denied.

## IV. THE FIRST AMENDED COMPLAINT PLAUSIBLY ALLEGES BREACH OF CONTRACT AND INCORPORATION OF HUD SERVICING REQUIREMENTS

Defendants' primary argument is that Plaintiff failed to identify a contractual obligation allegedly breached and failed to identify the specific HUD regulation incorporated into the Deed of Trust. The Motion overlooks both the allegations of the First Amended Complaint and well-established authority recognizing that FHA mortgage instruments may contractually incorporate HUD servicing requirements as conditions precedent to acceleration and foreclosure.

A. The Deed of Trust Expressly Incorporates HUD Regulations.

The First Amended Complaint alleges that the subject loan is an FHA-insured mortgage loan and that the Deed of Trust expressly incorporates regulations issued by the Secretary of Housing and Urban Development. FAC ¶¶ 15–18.

The Deed of Trust provides:

"Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclosure if not paid."

FAC ¶ 17.

This language is not merely informational. It expressly limits foreclosure rights and acceleration remedies by reference to HUD regulations. Courts throughout the country have recognized that FHA mortgage instruments incorporating HUD regulations create contractual obligations enforceable through traditional breach of contract principles.

See, e.g., Mathews v. PHH Mortgage Corp., 724 F. App'x 651, 653–54 (10th Cir. 2018) (recognizing contractual incorporation of HUD servicing requirements through FHA deed of trust); Wells Fargo Home Mortg., Inc. v. Neal, 922 A.2d 538, 545–46 (Md. 2007) (HUD regulations may become enforceable contractual obligations where incorporated into mortgage documents); BAC Home Loans Servicing, LP v. Taylor, 986 N.E.2d 1028, 1035–36 (Ohio Ct. App. 2013) (same).

Plaintiff does not assert a private right of action directly under HUD regulations. FAC ¶ 18. Rather, Plaintiff alleges that Defendants breached contractual obligations arising from the FHA-insured Deed of Trust itself. Defendants' repeated reliance upon the absence of an independent federal cause of action therefore misses the point.

B. The Complaint Identifies the Specific Servicing Obligation at Issue.

Although Defendants argue that Plaintiff failed to identify the relevant regulation, the factual allegations of the First Amended Complaint unmistakably identify the servicing requirement at issue: the obligation to conduct, or make reasonable efforts to conduct, a face-to-face meeting before foreclosure activity proceeds.

That requirement arises from 24 C.F.R. § 203.604, which provides in relevant part that a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before certain foreclosure actions may be commenced, subject to limited exceptions. Defendants do not argue that the loan is not FHA-insured. Nor do Defendants argue that 24 C.F.R. § 203.604 is inapplicable to the subject loan. Defendants likewise do not contend that they conducted the required face-to-face interview or that any regulatory exception excused compliance. Instead, Defendants seek dismissal based solely upon alleged pleading deficiencies. Those arguments do not defeat the plausibility of Plaintiff's claim at the Rule 12(b)(6) stage.

The First Amended Complaint's allegations concerning occupancy, inspection activity, access communications, and the absence of any face-to-face meeting directly correspond to the requirements imposed by 24 C.F.R. § 203.604.

The First Amended Complaint specifically alleges:

• the Property remained Plaintiff's primary residence;

• Defendants knew the Property was occupied;

• Citizens conducted inspections and communicated regarding access to the Property;

• Citizens acknowledged that the Property was located within a gated community requiring access coordination; and

• no face-to-face meeting or reasonable effort to arrange such a meeting occurred.

FAC ¶¶ 19–25.

Taken together, these allegations plausibly allege noncompliance with the servicing requirements incorporated into the FHA-insured mortgage documents.

At the pleading stage, Plaintiff is not required to prove the absence of every possible regulatory exception. Nor is Plaintiff required to establish the ultimate merits of her claim. She need only allege facts supporting a plausible inference that Defendants failed to satisfy contractual conditions precedent before accelerating the loan and pursuing foreclosure. Twombly, 550 U.S. at 556; Iqbal, 556 U.S. at 678.

The First Amended Complaint does precisely that.

C. Defendants Seek Resolution of Factual Questions That Cannot Be Decided on a Rule 12(b)(6) Motion.

Whether Defendants actually conducted a face-to-face interview, whether reasonable efforts were made, whether any regulatory exception applies, whether Defendants possessed sufficient knowledge of occupancy, and whether Defendants complied with FHA servicing obligations are all inherently factual questions.

Defendants' Motion offers no evidence demonstrating compliance. Instead, Defendants seek dismissal by arguing that Plaintiff's allegations are insufficient.

However, the Court must accept Plaintiff's allegations as true at this stage. Erickson, 551 U.S. at 94.

Accepting those allegations as true, Plaintiff has plausibly alleged:

(1) a valid contract;

(2) incorporation of HUD servicing requirements into that contract;

(3) Defendants' failure to satisfy those conditions precedent;

(4) acceleration and foreclosure activity despite noncompliance; and

(5) resulting damages.

Accordingly, Plaintiff has adequately stated a claim for breach of contract, and dismissal under Rule 12(b)(6) is unwarranted.

## V. CITIZENS CANNOT CLAIM RIGHTS UNDER THE DEED OF TRUST WHILE DISCLAIMING THE OBLIGATIONS IMPOSED BY THAT SAME INSTRUMENT

Defendants argue that Plaintiff cannot maintain a breach of contract claim because the Deed of Trust identifies The Federal Savings Bank as the original lender and because Plaintiff allegedly failed to identify a contract between herself and Defendants.

The argument ignores Defendants' own allegations.

Defendants expressly represent that MERS assigned all of its rights, title, and interest in the Deed of Trust to Citizens Bank, N.A. through the recorded Corporate Assignment of Deed of Trust dated August 21, 2023. Defendants further rely upon that assignment as the basis for their contention that MERS no longer possesses any interest in the Property.

Defendants therefore place Citizens in the position of claiming the benefits of the Deed of Trust while simultaneously denying the obligations imposed by that same instrument.

Nevada law does not permit such a result.

The Nevada Supreme Court has repeatedly recognized that assignments transfer the rights associated with the assigned instrument. See Edelstein v. Bank of New York Mellon, 286 P.3d 249, 258–59 (Nev. 2012). An assignee seeking to enforce rights arising under a deed of trust necessarily derives those rights from the underlying instrument itself.

A party cannot selectively accept the benefits of a contract while disavowing the burdens, limitations, and conditions attached to those benefits.

Here, Plaintiff alleges that the FHA-insured Deed of Trust expressly limits foreclosure rights through incorporation of HUD servicing regulations. FAC ¶¶ 16–18, 35. Defendants themselves assert that Citizens succeeded to the interests previously held through the Deed of Trust. Having asserted entitlement to exercise foreclosure-related rights derived from that instrument, Citizens cannot plausibly contend that it is wholly disconnected from the contractual obligations governing those same rights.

Indeed, Plaintiff's claims are directed precisely at Defendants' exercise of foreclosure authority under the Deed of Trust. The First Amended Complaint alleges that Defendants accelerated the loan and proceeded toward foreclosure activity without first satisfying the contractual conditions precedent incorporated into the FHA mortgage documents. FAC ¶¶ 25–26, 37–40.

Whether Citizens ultimately complied with those obligations presents a factual question. However, Citizens cannot obtain dismissal by simultaneously asserting that:

(1) it acquired rights through assignment of the Deed of Trust;

(2) it engaged in foreclosure-related activity concerning the Property; and

(3) it bears no responsibility whatsoever for compliance with the contractual limitations governing the exercise of those rights.

At minimum, the allegations of the First Amended Complaint plausibly support the inference that Citizens acted as successor, assignee, servicer, beneficiary, or other entity exercising rights derived from the Deed of Trust. Those allegations are sufficient to survive Rule 12(b)(6).

To the extent Defendants contend that another entity bears responsibility for compliance with the FHA servicing requirements, such arguments raise factual issues concerning agency relationships, servicing authority, assignment history, foreclosure responsibilities, and the roles of the various entities involved. Plaintiff specifically alleges uncertainty regarding those relationships and identifies additional entities referenced in foreclosure-related correspondence, including JPMorgan Chase. FAC ¶ 26A.

Those issues are properly explored through discovery, not resolved on a motion to dismiss before any discovery has occurred.

Accordingly, Defendants' attempt to avoid contractual obligations while simultaneously relying upon contractual rights provides no basis for dismissal.

## VI. PLAINTIFF'S REQUESTS FOR DECLARATORY AND INJUNCTIVE RELIEF SHOULD NOT BE DISMISSED

Defendants argue that Plaintiff's claims for declaratory relief and injunctive relief must be dismissed because such forms of relief are remedies rather than independent causes of action. While courts frequently characterize declaratory and injunctive relief as remedies, Defendants' argument provides no basis for dismissal of this action.

The First Amended Complaint presents an actual and ongoing controversy concerning whether Defendants complied with contractual conditions precedent incorporated into the FHA-insured Deed of Trust before accelerating the loan and pursuing foreclosure activity. FAC ¶¶ 43–46. That controversy is neither hypothetical nor abstract. It concerns an identified residential property, a specific loan, a pending foreclosure process, and the parties' competing interpretations of their rights and obligations under the governing mortgage documents.

The Federal Declaratory Judgment Act authorizes federal courts to declare the rights and legal relations of interested parties in cases presenting an actual controversy. 28 U.S.C. § 2201(a). The Supreme Court has long recognized that declaratory relief serves the important purpose of resolving legal disputes before irreparable injury occurs. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126–27 (2007).

Here, Plaintiff seeks a declaration regarding whether Defendants complied with contractual conditions precedent incorporated into the FHA-insured Deed of Trust before exercising foreclosure rights. FAC ¶¶ 43–46. Such relief is directly tied to Plaintiff's underlying breach of contract claim and provides an appropriate vehicle for resolving the parties' dispute concerning their respective contractual obligations.

Similarly, Plaintiff's request for injunctive relief arises from allegations that Defendants proceeded toward foreclosure activity despite failing to satisfy contractual conditions precedent. FAC ¶¶ 47–54. The First Amended Complaint alleges imminent and irreparable harm through the threatened loss of Plaintiff's residence and trust property. FAC ¶¶ 48–49.

Federal courts routinely recognize that the loss of real property may constitute irreparable harm supporting injunctive relief. See Sundance Land Corp. v. Community First Fed. Sav. & Loan Ass'n, 840 F.2d 653, 661 (9th Cir. 1988). The First Amended Complaint specifically alleges that foreclosure of the Property would result in harm that cannot be adequately remedied through monetary damages alone. FAC ¶¶ 30–31, 48–49.

Even assuming arguendo that declaratory relief and injunctive relief are more properly characterized as remedies rather than standalone causes of action, that conclusion would not warrant dismissal of the underlying controversy. At most, the Court could construe those counts as requests for relief arising from Plaintiff's breach of contract claim.

Numerous courts have declined to dismiss requests for declaratory or injunctive relief where substantive claims remain pending because the availability of such relief depends upon the ultimate merits of the underlying claims. Whether Plaintiff ultimately proves entitlement to declaratory or injunctive relief is a question for a later stage of the litigation.

At the pleading stage, Plaintiff has adequately alleged an actual controversy concerning the parties' contractual rights and obligations and has alleged facts supporting a request for equitable relief. Accordingly, Defendants' challenge to Plaintiff's requests for declaratory and injunctive relief provides no basis for dismissal of the action.

## VII. DISMISSAL WITH PREJUDICE IS IMPROPER AND CONTRARY TO THE FEDERAL RULES' STRONG POLICY FAVORING RESOLUTION ON THE MERITS

Even assuming, solely for purposes of argument, that the Court concludes the First Amended Complaint could be pled with greater specificity, Defendants have failed to demonstrate any basis for the extraordinary remedy of dismissal with prejudice.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given when justice so requires. The Supreme Court has repeatedly emphasized that this mandate is to be applied liberally in favor of resolving cases on their merits rather than on technical pleading deficiencies. Foman v. Davis, 371 U.S. 178, 182 (1962).

In Foman, the Supreme Court identified the limited circumstances that may justify denial of leave to amend, including undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. Id. None of those circumstances exist here.

The Ninth Circuit has further held that Rule 15's policy favoring amendment is to be applied with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051–52 (9th Cir. 2003). Absent a strong showing of prejudice, there exists a presumption in favor of granting leave to amend. Id.

Defendants have not made such a showing.

This case remains in its earliest stages. No Answer has been filed. No Rule 26 conference has occurred. No discovery has been conducted. No scheduling order has been entered. No depositions have been taken. No witness testimony has been obtained. No evidentiary record has been developed.

Moreover, Plaintiff did not ignore the Court's prior order. To the contrary, Plaintiff filed a First Amended Complaint that materially revised the allegations, clarified the theory of recovery, identified the FHA-insured nature of the loan, expressly alleged incorporation of HUD servicing regulations, attached supporting exhibits, and clarified that Plaintiff proceeds solely in her representative capacity as Trustee of the Adella L. Logan Trust dated June 8, 2020.

Defendants' principal complaint is not that amendment would be futile, but rather that Plaintiff allegedly failed to identify the precise HUD regulation incorporated into the Deed of Trust. Even if the Court were to agree with Defendants on that narrow issue, such a pleading deficiency would plainly be curable through amendment.

Indeed, the Ninth Circuit has consistently held that dismissal with prejudice is improper where additional factual allegations could cure the perceived defect. See Lopez v. Smith, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc). Leave to amend should be denied only when amendment would be absolutely futile. Id.

Defendants cannot satisfy that standard.

The Motion itself demonstrates that the alleged deficiency concerns the specificity with which Plaintiff identified the incorporated servicing requirements. Such an issue is inherently curable through amendment and therefore cannot support dismissal with prejudice.

Additionally, dismissal with prejudice would be particularly inappropriate where Plaintiff seeks to challenge foreclosure-related conduct concerning residential real property and where discovery may reveal facts regarding servicing authority, assignment history, occupancy

determinations, foreclosure procedures, compliance efforts, agency relationships, and the roles of the various entities involved in the foreclosure process.

Plaintiff specifically alleges uncertainty concerning the relationships and responsibilities of multiple entities connected to the loan and foreclosure activity, including entities referenced in foreclosure-related correspondence. Discovery has not yet occurred and Plaintiff has not had any opportunity to obtain records or testimony concerning those matters.

Courts within the Ninth Circuit routinely reject requests for dismissal with prejudice where relevant information remains uniquely within the possession of defendants and where discovery has not yet commenced.

Accordingly, even if the Court were to determine that any portion of the First Amended Complaint requires additional clarification, the proper remedy would be leave to amend rather than dismissal with prejudice.

For these reasons, Defendants' request for dismissal with prejudice should be denied.

## VIII. CONCLUSION

The First Amended Complaint alleges far more than mere labels, conclusions, or speculative assertions. Plaintiff specifically alleges the existence of an FHA-insured loan, contractual incorporation of HUD servicing requirements, occupancy of the Property, Defendants' knowledge of such occupancy, Citizens' inspection and access-related communications, Defendants' failure to conduct or reasonably attempt a face-to-face meeting, and foreclosure activity undertaken despite those alleged failures.

Accepting those factual allegations as true, as the Court must at the Rule 12(b)(6) stage, Plaintiff has plausibly stated a claim for relief.

Defendants' Motion improperly seeks resolution of factual disputes concerning compliance with FHA servicing obligations, the effect of the Deed of Trust's incorporation provisions, the responsibilities of assignees and foreclosure participants, and the parties' respective rights and obligations under the governing loan documents. Such issues are not appropriate for determination on a motion to dismiss.

Moreover, Defendants have failed to establish any basis for the extraordinary remedy of dismissal with prejudice. Discovery has not commenced, no evidentiary record has been developed, and any perceived pleading deficiency could readily be cured through amendment if the Court determines additional specificity is required.

The Supreme Court has repeatedly instructed that cases should be resolved on their merits whenever possible and that leave to amend should be freely granted when justice so requires. Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit likewise applies Rule 15 with extreme liberality. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051–52 (9th Cir. 2003).

Accordingly, Plaintiff respectfully requests that the Court:

1. DENY Defendants' Motion to Dismiss in its entirety;
2. DENY Defendants' request for dismissal with prejudice;
3. Permit this action to proceed into discovery; and
4. Alternatively, if the Court determines that any portion of the First Amended Complaint requires further clarification, grant Plaintiff leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2).

DATED: June 5th 2026

Respectfully submitted,

By: /s/ Adella L. Logan
ADELLA L. LOGAN, solely in her capacity as
Trustee of the Adella L. Logan Trust dated June 8, 2020
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ADELLA L. LOGAN, solely in her capacity as Trustee of the Adella L. Logan Trust dated June 8, 2020,

Plaintiff,

v.

CITIZENS BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"); TRUSTEE CORPS; and DOES 1–10,

Defendants.

Case No. 2:26-cv-00887-APG-MDC

[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

The Court, having reviewed Defendants Citizens Bank, N.A. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss First Amended Complaint (ECF No. 32), Plaintiff's Opposition thereto, the pleadings and papers on file, and good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss First Amended Complaint (ECF No. 32) is DENIED.

IT IS FURTHER ORDERED that, alternatively, to the extent the Court determines additional specificity is required, Plaintiff is granted leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2).

IT IS FURTHER ORDERED that Defendants shall respond to the First Amended Complaint within fourteen (14) days of entry of this Order.

IT IS FURTHER ORDERED that this action shall proceed in the ordinary course.

IT IS SO ORDERED.

DATED: _____, 2026.


ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I, Adella L. Logan, hereby certify that on this 5th day of June, 2026, I caused a true and correct copy of the:

PLAINTIFF'S OPPOSITION TO DEFENDANTS CITIZENS BANK, N.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

to be served upon all parties required to be served pursuant to Rule 5 of the Federal Rules of Civil Procedure, by the methods indicated below.

Citizens Bank, N.A.
c/o Legal Department
One Citizens Bank Way
Johnston, RI 02919

Mortgage Electronic Registration Systems, Inc. (MERS)
c/o CT Corporation System
4701 Cox Road, Suite 285
Glen Allen, VA 23060

Nathan F. Smith, Esq.
MALCOLM ♦ CISNEROS, A Law Corporation
7473 W. Lake Mead Blvd., Suite 100
Las Vegas, NV 89128
nathan@mclaw.org

Trustee Corps / MTC Financial Inc. d/b/a Trustee Corps
c/o GKL Registered Agents of NV, Inc.
3064 Silver Sage Dr Ste 150
Carson City, NV 89701
documents@trusteecorps.com
METHOD OF SERVICE

☒ United States Mail, First Class, Postage Prepaid
☒ Electronic Mail (where applicable)

DATED: June 5, 2026

By: /s/ Adella L. Logan
ADELLA L. LOGAN, solely in her capacity as
Trustee of the Adella L. Logan Trust dated June 8, 2020
Plaintiff, Pro Se