NATHAN F. SMITH, #12642
MALCOLM ♦ CISNEROS, A Law Corporation
7473 W. Lake Mead Blvd., Suite 100
Las Vegas, NV 89128
Telephone: (949) 252-9400
Telecopier: (702) 728-5228
Email: nathan@mclaw.org

*Attorney for Citizens Bank, N.A. and*
*Mortgage Electronic Registration Systems, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ADELLA L. LOGAN,<br><br>             Plaintiff,<br><br>    vs.<br><br>CITIZENS BANK, N.A.;  MORTGAGE ELECTRONIC REGISTRATION  SYSTEMS, INC. (MERS);  TRUSTEE CORPS; and DOES 1–10,<br><br>             Defendants. | Case No. 2:26-cv-00887-APG-MDC<br><br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

Defendants Citizens Bank, N.A. and Mortgage Electronic Registration Systems, Inc. ("Defendants") hereby reply to Adella L. Logan's ("Plaintiff") opposition ("Opposition") to their Motion to Dismiss her First Amended Complaint ("Complaint") against them pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) ("Motion").  Defendants' Reply is based on the Motion, the pleadings on file in this case, any additional briefing that the Court may require, any oral argument that may be presented at a hearing on the Motion, and the following.

Reply                                               1

### A.    <u>The Complaint Fails to State a Claim for Breach of Contract.</u>

Plaintiff contends that she has adequately pleaded a claim for breach of contract based on conclusory allegations that a "face-to-face" meeting was "required."  However, Plaintiff fails to identify any contract that she entered into with these Defendants.  The alleged provision of the deed of trust that she identifies reads as follows: "In many circumstances regulations issued by the Secretary will limit Lender's rights in the case of payment defaults, to require immediate payment in full and foreclose if not paid."  *See* First Amended Complaint, p. 2, ¶ 17.  The "Lender" identified in the deed of trust is "The Federal Savings Bank."  *See* Exhibit "A," p. 2, ¶ C.  Plaintiff fails to articulate how the deed of trust constitutes a contract between herself and Defendants.

Second, Plaintiff has not, and, indeed cannot, allege that she complied with the deed of trust in question.

Third, Plaintiff fails to articulate any provision of the deed of trust in question that allegedly incorporates regulations of the Department of Housing and Urban Development.

Fourth, Plaintiff fails to articulate how Defendants allegedly breached the foregoing provision of the deed of trust, which merely states that regulations issued by the Secretary will limit Lender's rights in case of payment defaults in many circumstances.  The provision imposes no duties on Lender, or these Defendants.  Additionally, although Plaintiff alleges that Defendants  "failed to conduct, or reasonably attempt to conduct, the required face-to-face meeting," she fails to specifically identify any contractual requirement, or alleged incorporated requirement  that imposed such a requirement on Defendants, leaving Defendants to merely surmise what she is alleging.

Fifth, Plaintiff fails to articulate any damages that she has allegedly suffered based upon any alleged acts or omissions of Defendants.

Sixth, with regard to MERS, it assigned any interest that it may have had in the deed of trust evidencing Plaintiff's mortgage loan via  a Corporate Assignment of Deed of Trust recorded against the Property on August 21, 2023.  *See* Motion, Exhibit "B."

Based on the foregoing, Plaintiff has failed to state a claim upon which relief can be granted against Defendants for breach of contract.

///

**B.    Plaintiff's Claims for Declaratory and Injunctive Relief Must Be Dismissed.**

A claim for declaratory relief is a remedy, not a cause of action.  *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  The declaratory relief remedy derives from the substantive claims for relief.  *Roberts v. McCarthy*, No. 2:11-CV-00080-KJD, 2011 WL 1363811, at *4 (D. Nev. Apr. 11, 2011).

Injunctive relief is a remedy, not an underlying substantive claim.  *Tyler v. Am. Home Mortgage*, No. 3:10-cv-00042, 2011 WL 5025234 at *6 (D. Nev. Oct. 21, 2011) (citing *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007)); *see also Jensen v. Quality Loan Service Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("An injunction is a remedy, not a separate claim or cause of action.").

Plaintiff's claims for declaratory and injunctive relief fail for the reasons articulated in the Motion and above in connection with her substantive claim.  Moreover, such claims are remedies rather than causes of action and must be dismissed.  Finally, MERS does not claim any interest in the Property, and, in any event, assigned whatever interest it had in the Deed of Trust to Citizens Bank, N.A. via the Assignment.  *See* Motion, Exhibit "B."

**C.    Conclusion.**

Based upon the foregoing, and for the reasons discussed in the Motion, Defendants respectfully request that the Court grant the Motion and dismiss the Complaint against them, with prejudice.

DATED: June 12, 2026                     Respectfully Submitted,

                                         MALCOLM ♦ CISNEROS, A Law Corporation

                                         By:    */s/ Nathan F. Smith*
                                                NATHAN F. SMITH, #12642
                                                *Attorney for Citizens Bank, N.A. and Mortgage*
                                                *Electronic Registration Systems, Inc.*

Reply                                         3

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of June, 2026, I sent the foregoing document via First Class U.S. Mail to:

Adella L. Logan
5009 Paradise Harbor Pl.
North Las Vegas, NV 89031

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Dated: June 12, 2026

_____
Christina Valenzuela